Eastern Dist.
*June*, 1835.

PETERS & MILLARD ET AL.
*vs.*
GARDERE, SYNDIC

Where a juror is discharged, and another one substituted and sworn in his place, after the trial has commenced, and part of the evidence introduced, the plaintiff is entitled to open his case again to the jury, and the trial to proceed *de novo.*

═══════════

## PETERS & MILLARD, AND OTHER CREDITORS OF N. A. BARON'S SUCCESSION *vs.* GARDERE, SYNDIC.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

After the dissolution of a firm, neither partner can bind the other without his authority, which must not be derived from their former relations as partners, but by the contract of mandate, and letter of procuration.

Where the procuration to a partner, from his co-partner, is contained in the act of dissolution of the partnership, and authorises the mandatory to settle up and exhibit a balance sheet of their concern, it will not confer authority to represent the other partner and the firm in a *concurso*, and vote for syndics on a claim of the partnership.

EASTERN DIST.
June, 1835.

PETERS & MIL-
LARD ET AL.
*vs.*
GARDERE, SYNDIC

But, admitting the act of procuration gave the power to a partner to represent a debt of the firm in a *concurso*, and vote for syndics; yet, when the other partner attended and voted, it will be viewed as a revocation of the delegated authority.

The appointment of a syndic is to constitute a new mandatory, in relation to the particular debt due by the insolvent, and a partner must have expressly delegated his authority to another, to be deprived of the right of voting personally, so far as his own interest is concerned.

The testamentary executors of the late N. A. Baron, deceased, presented their petition to the Probate Court, alleging that the term of their appointment had expired, and they were unable to give the requisite security for a renewal of their office; that, owing to the pressure of the times, it was impossible to sell without sacrifice, the immoveable property left by the deceased; and that most of the debts of the estate had been paid by the late firm of Baron, jun. & Co., who are now creditors of said estate, in the sum of fifty thousand seven hundred and eighty-nine dollars eighty-six cents; that there are other debts which exceed in amount the unsold property of the estate, and that no persons entitled by law, will take the administration thereof; they, therefore, pray that a meeting of creditors be convened before a notary, for the purpose of deliberating on the affairs of the estate.

A meeting of creditors was accordingly ordered by the Court.

Mrs. Laure Bringier, widow of the late N. A. Baron, appeared at the meeting and declared she was a partner of the firm of Baron, jun. & Co.; and that said firm was a creditor of the estate of her deceased husband, N. A. Baron, in the sum of fifty thousand seven hundred and ninety-eight dollars eighty-six cents, in which she is interested; and that she voted for F. Gardère as sole syndic of said estate.

John B. Leefe, acting as the liquidator of the firm of Baron, jun. & Co., also appeared and claimed the right of voting in preference to the widow Baron, on the same claim, and votes for S. J. Peters and Andrew Hodge, jun., as syndics.

Mrs. Baron ' also appeared and voted on a claim of her
own, for the restoration of her dotal effects, amounting to twenty-six thousand nine hundred and seventeen dollars
forty-one cents, and for F. Gardère as sole syndic.

Peters & Millard, creditors of N. A. Baron, opposed the votes of the widow Baron, alleging that she was no creditor for the sum stated by her in her own right, and that she had no authority to vote as a partner of the firm of Baron, jun. & Co., the same claim having been voted upon by J. B. Leefe, as liquidator of the firm.

They pray that her vote be stricken out, and that S. J. Peters and A. Hodge, be declared the syndics of said estate.

Leefe also opposed Mrs. Baron's' vote, alleging that she had given him full power to liquidate and settle the affairs of the firm of Baron, jun. & Co., and he alone had the right to vote on said claim; and that he had exercised his power by voting without opposition, and his mandate could not afterwards be recalled.

Upon these pleadings the cause came before the court.

The only evidence in the case is the agreement entered into and signed by the widow Baron and J. B. Leefe, on the 27th May, 1834, relative to the dissolution and settlement of the firm of Baron, jun. & Co.; it is in the following terms:

"The undersigned hereby agree to dissolve, and do hereby dissolve, from and after this day, the co-partnership formed by them on the 13th June last, under the style of Baron, jun. & Co., for the purpose of carrying on business on their own account, and of closing that of the late N. A. Baron, jun., Esq."

"The undersigned J. B. Leefe is to take charge of the settlement of the affairs of our late concern, and exhibit a balance sheet, showing the situation of our business, so soon as may be practicable."

" The affairs of the late N. A. Baron, jun., Esq., so far as they have been under our management, as liquidators of his estate, are to be referred to the executors of that estate."

The judge of probates was of opinion that it was not the intention of the parties in this agreement, that J. B. Leefe

EASTERN DIST.
*June*, 1835.

PETERS & MIL-
LARD ET AL.
*vs.*
GARDÈRE, SYNDIC

should be the liquidator of the firm, but that he was only to wind up the accounts and make out a balance sheet, exhibiting the situation of the concern.

It was ordered, adjudged and decreed, that the oppositions be set aside, and that F. Gardère be recognised as syndic of the creditors of the estate of the late N. A. Baron, jun.   The opposing creditors appealed.

*Peirce,* for the appellants.

*Morphy* and *Grailhe, contra.*

After the dissolution of a firm, neither partner can bind the other without his authority, which must not be derived from their former relations as partners, but by the contract of mandate and letter of procuration.

Where the procuration to a partner from his co-partner, is contained in the act of dissolution of the partnership, and authorises the mandatory to settle up and exhibit a balance sheet of their concern, it will not confer authority to represent the other partner and the firm in a *concurso,* and vote for syndics on a claim of the partnership.

But admitting the act of procuration gave the power to a partner, to represent a debt of the firm

*Bullard, J.,* delivered the opinion of the court.

The sole question presented for our solution in this case is, whether J. B. Leefe, one of the late firm of Baron, jun. & Co., was authorised to represent his late partner, the widow Baron, at a meeting of the creditors of N. A. Baron's estate, and to vote for the appointment of a syndic, contrary to her wishes.

- The opposing creditors, who appealed from the judgment of the Probate Court, dismissing their opposition, contend, that he derived such authority from the act of dissolution of the firm, which contains the following clause: "The undersigned J. B. Leefe, is to take charge of the settlement of the affairs of our late concern, and to exhibit a balance sheet, showing the situation of our business, so soon as may be practicable."

It seems to us clear, that after the dissolution of the firm, neither party could bind the other, without his authority. That authority must be derived, not from their former relations as partners, but from a new contract or agreement between them.   Such contract is essentially that of mandate. The agreement must, therefore, be considered as a procuration, and Leefe was authorised to represent his late partner in the settlement of the affairs of the late concern.   But, as agent representing the separate interests of his late partner, his authority might be revoked by her at will, and he was bound by her instructions.   Both the parties appeared at the

meeting of the creditors, and both voted. Admitting that the clause above recited, in the act of dissolution, conferred on Leefe the authority of administration, yet, it is by no means so clear that he was thereby authorised to represent his late partner in a judicial proceeding, having for its object the appointment of new representatives of both partners, relative to that particular debt. The Code requires that the power should be express and special, for many specified purposes, and "in general, when things to be done are not merely acts of administration, or such as facilitate such acts." *Article 2966.* To appoint a syndic, is to constitute a new mandatory in relation to the particular debt due by the insolvent. Although we are not prepared to say that a liquidator of a commercial firm is without authority to represent all the partners in the appointment of a syndic; yet, in this case, we concur in opinion with the court below, that Mrs. Baron had not deprived herself of the right to appear personally and vote, so far as her own interest was concerned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIST.
*June,* 1835.

The appointment of a syndic is to constitute a new mandatory, in relation to the particular debt due by the insolvent, and a partner must have expressly delegated his authority to another, to be deprived of the right of voting personally, so far as his own interest is concerned.