## HORACE PRENTICE *v.* JAMES J. CHEWNING.

Where in consequence of the want of sufficient time between the day on which an appeal was allowed and that on which it was made returnable, no bond was given, or citation issued, or other steps taken to prosecute the appeal, it will not be considered such an abandonment of the right as to preclude a second appeal.

Joining in the sale and signing the sheriff's deed for property sold under a *fieri facias*, does not amount to such an acquiescence in the judgment, or voluntary execution of it, as will deprive the party of the right to appeal. It would amount at most to the waiver of a monition so far as he was concerned.

The withdrawal of a juror from sickness, or other cause, produces at once a mistrial, and his place cannot be supplied but by consent.

Where after the trial has commenced, a juror has been withdrawn, and a new one sworn by consent, either party, or the juror himself, has a right to require that the witnesses shall be examined *de novo*. It will not be sufficient that the evidence, which had been reduced to writing, be read to him.

THE defendant was sued before the District Court for the parish of Carroll, as the drawer of two promissory notes. The jury having returned a verdict for the plaintiff, judgment was rendered in his favor, *Davis*, J. presiding. The defendant appealed.

*Bemiss*, for the appellee, moved to dismiss the appeal; and cited Code of Pr., arts. 567, 594; *Dozer* v. *Sargent*, 4 La., 41.

*Copley* and *Downs*, for the appellant.

BULLARD, J. The appellee has moved to dismiss this appeal on two grounds: *first*, that a former appeal was taken and abandoned by the appellant, and *second*, that he has voluntarily executed the judgment appealed from.

I. It appears that an appeal was allowed by the judge of the district on the 21st of September, 1840, and made returnable on the first Monday of October. But no bond appears to have been given and no citation issued. The present appeal was allowed on the 7th of December, 1840, and a bond filed conformably to the order of the judge, and the appeal made returnable to the present term. The article 594 of the Code of Practice, upon which the appellee relies, provides that as soon as the citation of appeal is served on the appellee, the appellant cannot withdraw his appeal; and whether he obtain the rejection of the appeal by producing the record from the court below, or prosecute an execution on the judgment appealed from, on the certificate of the clerk that the record has not

been brought up, the appeal shall be considered as abandoned, and the appellant shall not be allowed to renew it.

In the present case no bond appears to have been given, no citation was issued, and no certificate is shown to have been obtained from the clerk upon which the judgment was executed. The first order of appeal seems to have been considered as a nullity in consequence of the want of time between the 21st of September and the first Monday in October, when it was made returnable. This is not, in our opinion, such an abandonment of an appeal, as will preclude a second.

II. In support of the second ground, it is shown that an execution issued on the judgment, notwithstanding the appeal, and that a tract of land belonging to the appellant was seized and sold to satisfy the judgment, and Chewning signed the sheriff's deed, which contains these words, ‘said James J. Chewning joins in this sale.’ The article of the Code of Practice relied on, 567, declares that ‘ the party against whom judgment has been rendered cannot appeal, if such judgment have been confessed by him, or if *he have acquiesced in the same by executing it voluntarily*,’ &c. The sheriff's sale took place in November, previously to the appeal. But we are of opinion that the sale was still a forced one, nothing showing that the appellant consented to the issuing of the execution. Even if the judgment were to be reversed, the title of the purchaser would be valid, independently of the written consent of the appellant, expressed in the sheriff's deed. At most that consent would amount only to a waiver of a monition, so far as it concerned him. It was perhaps for his interest to make no opposition to the sale, as the land would probably sell for a higher price. But it was not in his power to prevent the execution of the judgment, when the writ was in the hands of the sheriff, as his appeal then pending was not suspensive. We cannot consider this as such an acquiescence in the judgment and voluntary execution of it, as defeats his right of appeal.

The record contains several bills of exception upon which the appellant relies. One of them brings to the notice of the court an error so radical, that we cannot avoid remanding the cause for a new trial. It appears that in the progress of the trial, one of the jurors fell sick, and that the court, contrary to the will of the defendant, sub-

stituted another juror in his place from among the bystanders; he was sworn, and the evidence already taken down was read to him, instead of commencing the trial *de novo*. We are of opinion that the moment a juror was withdrawn, there was a mistrial, and his place could not be supplied without consent. But even if both parties had consented to the swearing of the new juror, the defendant had a right to require that he should hear the witnesses testify, and the juror himself had a right to propound questions to them. 8 La., 565.

It is therefore ordered that the judgment of the District Court be reversed, and the verdict set aside; that the case be remanded for a new trial; and that the appellee pay the costs of this appeal.