No. 193.—C. G. NUGENT et al. *v.* JESSE M. RANDOLPH, Tutor.

A suit by the heirs to set aside and annul orders or decrees rendered by the district court homologating their tutor's accounts, and to cause the tutor to render an account, is strictly a probate proceeding, and the parish court is vested with jurisdiction of such action without regard to the amount involved.

APPEAL from the Parish Court of the parish of Franklin. *W. W. Campbell*, Parish Judge. *Morrison & Farmer*, for plaintiffs and appellants. *Wells & Corkern*, for defendant and appellee.

TALIAFERRO, J. This is a proceeding against the defendant by his former wards for a definitive settlement of his tutorship, commenced in 1858. The plaintiffs allege that on the second of October of that year the defendant, their former tutor, went into possession of their property, of which they give a detailed statement, and fix the amount of it, and also of the balance they allege was due them by their tutor on the second December, 1864. This balance they state to be $8826 83, subject to several small credits, amounting in all to $389 30. They attack and allege to be fraudulent, irregular and illegal two judgments rendered the one in 1863, the other in 1866, approving and homologating two accounts of tutorship pretended to be rendered by the defendant in 1863 and 1864. They point out in these accounts items charged against them of large amounts unsupported by vouchers or proof of any kind, and others of large amount which the tutor is not entitled to charge against them, and still other items that are exorbitantly high. They pray that these judgments, orders or decrees of the district court of the parish of Franklin be annulled and set aside,

and that the defendant be required to render a full, true, complete and just account of his administration as their tutor; and they claim as due them on final settlement the sum of $8437 53, with interest at five per cent. per annum from second December, 1864, for which they pray ju lgment.

The defendant excepted to the action of the plaintiffs on several grounds, the one chiefly relied upon being the want of jurisdiction of the court *ratione materiæ.* The exception was sustained on this ground, and the case dismissed as of nonsuit. The plaintiffs have appealed.

The judgment of the lower court is erroneous. The proceeding is one essentially involving the settlement of a tutor's account. This is a private proceeding, the cognizance of which belongs to the parish court. Code of Practice, article 997. The evidence in the record sufficiently establishes that the two annual accounts homolgated by orders of the clerk of the district court of the parish of Franklin, rendered respectively on the third day of October, 1863, and the sixth of August, 1866, are in several respects materially erroneous and unsupported by proof. Justice to all the parties concerned requires that a full and complete account of the tutorship as prayed for by the plaintiffs should be rendered and duly settled.

To this end it is therefore ordered, adjudged and decreed that the aforesaid orders homologating the provisional accounts aforesaid be annulled and set aside; that the defendant, Jesse M. Randolph, late tutor of the plaintiffs, be required to file in the parish court of the proper parish a full, complete and accurate account of his tutorship of the plaintiffs; that this case be remanded to the court of the first instance to be proceeded with according to law. The costs of this appeal to be sustained by the defendant.