No. 5982.

E. C. PORTER vs. PIERRE MORÈRE ET AL.

A judgment dissolving an injunction bars the plaintiff from obtaining a subsequent injunction, on any of the grounds in existence prior to the judgment of dissolution, and of which he could have availed himself on the trial of the first injunction.

The unexplained use of the words "without prejudice," in a judgment dissolving an injunction, will not convert the decree into a mere judgment of nonsuit.

APPEAL from the Second Judicial District Court, parish of Jefferson. Pardee, J.

Merrick, Race & Foster for plaintiff and appellee.

S. Belden and G. Duplantier for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff acquired certain lots in Carrollton by purchase in 1863. She was at that time a married woman, and not sep-

arated in property from her husband. The record does not disclose with whose funds the payments were made, and the legal presumption is they belonged to the community of acquets.

In January 1871 Mrs. Porter borrowed fifteen hundred dollars of the defendant Morère, and executed her note for that sum and a mortgage upon this property to secure its payment, being authorized by her husband thereto. In May 1874 Morère obtained executory process upon this mortgage, and advertised the property for sale, and this sale was prevented by Mrs. Porter's injunction in the following July. The grounds of that injunction were, that she was the owner of the property advertised for sale, and that it was her homestead, and the residence of herself and her children (her husband having died in 1872)—that the note and mortgage were executed in error and through fraud, and to pay a debt of her husband—that she was not authorized by any judge to execute the mortgage after the forms provided for married women.

Morère answered this injunction, and on hearing, it was dissolved in January 1875, whereupon the sheriff re-advertised the sale and in March following the present injunction was obtained on these grounds—that if the property belongs to the community which is denied, she can not be sued individually for the debt created by her, not having accepted the community—that she was married at the time of executing the note and mortgage, and no part of the consideration of the note enured to her benefit, or to that of her separate estate—that she was not authorized by any judge to execute these instruments, and she was incapable of binding herself for the debts of her husband—that her signature was obtained through fraud and by unlawful means.

To this petition the defendant pleaded *res judicata* and the general issue, and made the answer to the first injunction a part of the answer to the present suit. There was judgment perpetuating the injunction, and the defendant appeals.

The brief of plaintiff's counsel discusses elaborately the various questions of the inability of a wife to make certain contracts, her want of power to bind herself for her husband's debts, the necessity of certain forms in the execution by her of a mortgage &c. We do not think those questions are open for discussion or consideration in the present case. The plea of *res judicata* is a bar to this suit. All the grounds for injunction set up in the second suit existed prior to the first, and some of them were specially pleaded in the first petition. A judgment between the same parties dissolving an injunction is a perpetual bar to subsequent contestation upon grounds that existed anterior to the suit in which the judgment of dissolution was rendered, and of which the plaintiff in injunction might have availed himself in the first instance. McMicken v. Morgan, 9 Annual, 208. Fluker v. Davis, 12 Annual, 613. Even

where the first proceeding was not an injunction, but a rule resorted to for the purpose of arresting an execution, and a judgment was rendered upon it, this court held that the judgment discharging the rule was equivalent to one dissolving an injunction, and would sustain the plea, of *res judicata.* Trescott v. Lewis, 12 Annual, 197. The reason of the rule is obvious, and the statement of it is its justification. A creditor might be perpetually baffled if successive injunctions could issue from the same court on the same grounds, and thus the door would be opened to endless litigation.

The plaintiff however contends that a saving clause in the first judgment relieves her from the application of this plea. The injunction was dissolved 'without prejudice.' The decree says no more than that. Whether it means without prejudice to either party to sue hereafter for damages, or without prejudice to any other subsequent proceeding by either, does not appear. The plaintiff insists that the addenda of those two words makes the judgment one of nonsuit, and cites the following authorities to support that position; 7 Annual, 665. This is the case of Goodrich v. Pettingale in which it is said—" in the opinion, the court nowhere state it as a matter of judgment by them, that the attachment had been legally executed. It is merely stated that it is urged that the lots in question, having been attached in 1836 in the suit brought by Goodrich v. Pettingale, they could not be sold to his prejudice. * *

* * The decretal part of the opinion is explicit, that the injunction should be perpetuated. The reservation in favor of Goodrich was not put in the form of a decree, and amounts to nothing more than that he should not be prejudiced by the decree. As the supreme court therefore, in neither its opinion nor decree, declared the attachment valid and as the district court had not passed upon its validity at all, we can not consider the validity of the attachment a matter adjudged." The distinction between that case and the one before us is obvious, and need not be elaborated.

Mr. Hennen's Digest is next referred to. The first reference in that book is the case already quoted in 7th. Annual, and the next in Wells and Hunter, 5 New Series, 120 wherein it is held that "a judgment dissolving an injunction is very often as one of nonsuit, and forms then no *res judicata,* but here the dissolution took place after a plea of the general issue, and the evidence was held to be in favor of the defendant." Precisely what was pleaded and decided in this case.

The second reference is Levistone v. Bona, 4 Rob. 459, and there the decision is, where an order of seizure and sale was enjoined by a third possessor, and his opposition to the seizure was tried in the absence of his counsel and dismissed, and the injunction dissolved, and another writ of seizure was issued which was again opposed by the same party,

held the first judgment was not pleadable in bar of the second suit. Because the opponent had no opportunity of supporting his opposition by proof, but here there was a trial on the first issue in which both parties participated, and because the Code of Practice thus provides. art. 536.

3 Rob. 460 is Fisher v. Vose, in which the question is not touched even remotely.

21 Annual, 324 in Citizen's Bank v. Crooks, which repeats the well established rule that when it is manifest that the plaintiff in injunction will be entitled to a new writ, if the first were dissolved, the case will be remanded to enable him to supply the evidence omitted.

These authorities do not help the plaintiff's case, and independent of authorities, as an original proposition, we do not think the mere words 'without prejudice' unexplained by the judge convert his judgment into one of nonsuit. Her injunction should have been dissolved. Therefore,

It is ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that the plea of *res judicata* is sustained, and the plaintiff's injunction is dissolved and her suit dismissed at her costs in both courts.