BREAUX, C. J.
The plaintiff claims a homestead to land he owns, and its exemption from seizure and sale, under the provisions of article 244 of the Constitution.
The property was in the first place sold by plaintiff, Brooks, to the Bickman Mercantile-Company, and immediately afterward it was sold by the said company to Brooks, in order to retain a mortgage to secure a debt due by the latter to the former.
Foreclosure proceedings were instituted by the defendant on the vendor’s lien and privilege and mortgage.
The property was advertised for sale in the I foreclosure proceedings.
*389 The» opponents to this sale (John Brooks and wife) claimed the land seized as a homestead.
They alleged, in their petition for an injunction, that the note sued on in foreclosure was made for the purpose of securing a preexisting debt; that the act of sale was a mortgage in disguise; that the note was owned by the Bank of Covington, and was not the property of Smith and Bullock; that he paid it; and that its pledge to the Bank of Covington was made after maturity, and after its payment, as just stated.
Upon the foregoing grounds, and others, they enjoined the sale.
The injunction suit was tried. The district court decided that plaintiff in injunction had no right to a homestead.
A ’suspensive appeal was taken to this court from the judgment dissolving the injunction and rejecting plaintiff’s demand for a homestead.
On technical grounds this court dismissed the appeal. Brooks v. Smith, 118 La. 758, 43 South. 399.
Thereafter, plaintiffs brought up a second appeal to this court (i. e., a devolutive appeal).
This appeal was dismissed, on the ground that a second appeal did not lie in the ease. Brooks v. Smith, 120 La. 454, 45 South. 388.
After this last decision had been rendered, plaintiff in executory process attempted a second time to foreclose.
The plaintiff (defendant in the executory, proceedings) obtained an injunction, and again claimed that the land seized was his homestead.
This is the second suit, brought by plaintiff alone (and not, as in the first suit, by plaintiff and wife), and in this second suit plaintiff again claims a homestead. This appeal is the third appeal in the case.
In this suit plaintiff in injunction reiterates all the grounds alleged in the first petition, save that he did not allege in the first suit with full particularities that the defendants in injunction and plaintiffs in the executory proceedings were not the owners of the mortgage note, although all parties treated the case as one in which all necessary evidence, including the note, were regularly before the court, on which they sought to foreclose; nor did he allege in the first suit that the writ of seizure and sale had not been returned within the time required, as plaintiff contends.
The district court sustained plaintiff’s injunction and decided that he is entitled to a homestead.
The defendant in injunction, plaintiff in executory proceedings, appealed.
Res judicata:
Defendant pleads res judicata in the present case on the ground that the issues are the same as in the first suit.
Plaintiff’s claim for a homestead is concluded by that plea. It was well and completely litigated in the first injunction suit in the district court. True, it never reached this court on appeal; but the issue was directly tendered by plaintiff in that suit, and it was met by defendant. There was judgment rendered, as before stated.
After trial, the court decided that plaintiff was not entitled to the homestead he claims. That decision remains in full force and effect, and we have no authority to go> beyond the decree, which has the force of the thing adjudged.
Of the two grounds not heretofore alleged;, as plaintiff contends, one existed at the date that the petition for an injunction (the first time) was filed. The first related to the ownership of the note (and really was decided in the first suit); the other related to the sheriff’s return. The ground based on the fact that the writ was not returned in due time, but was retained by the sheriff after the 60 days had expired from the date thal; it was issued, is properly before us, and was considered in rendering this decision.
*391 When the first "injunction issued, the time to return the writ of seizure and sale had not elapsed.
That is the only ground left for our consideration ; for all the other grounds were well known at the time the first injunction was issued, and they really were all decided. We are of opinion that they were all alleged, and it follows that they are all disposed of; but, even if any small part of the well-known issues were not covered by the 'allegation (we repeat, they -were all included), the plaintiff in injunction cannot be permitted to withhold grounds which he should have alleged, and subsequently make them the basis for an injunction.
Moreover, defendants in injunction were at the time owners and in possession of the note sued upon, and they are now its owners, and protected by res judicata.
As relates to the asserted failure to return thS writ of seizure and sale, that is not a fatal irregularity.
The article of the Code of Practice relating to the writ of fieri facias has here no application. The article relating to the writ of seizure and sale does not require a return to be made as in case of the former. It may be returned, but it is not imperative. The sheriff holds the property under the writ until the sale. That has been decided in a number of cases, notably Monition of Hall, 23 La. Ann. 693, in which the court held;
“The law does not require the sheriff to return an order of seizure and sale in 70 days.”
See, also, Taylor v. Graham, 18 La. Ann. 658, 89 Am. Dec. 699.
The law and the evidence being in favor of plaintiff, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is hereby, annulled, avoided, and reversed.
It is ordered, adjudged, and decreed that the seizure be proceeded with in accordance with the law, and that plaintiff in injunction pay the costs of both courts.