## FEDERAL LAND BANK OF NEW ORLEANS v. COOPER.

### No. 1887.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1938.

Rownd & Tycer, of Hammond, for appellant.

Harold Moses, of New Orleans, and Carroll Buck, of Amite, for appellee.

LE BLANC, Judge.

This is a proceeding by executory process instituted by the plaintiff the Federal Land Bank of New Orleans on a certain note for the original sum of $1,200 and secured by a mortgage granted by the defendant and bearing on a certain tract of land containing eighty acres in the Parish of Tangipahoa in this State.

The note is dated November 16, 1922, and by the terms of the act of mortgage with which it is paraphed for identification by the notary who executed the same, it is made payable in thirty-five fixed annual installments beginning on November 15, 1923 and on the same date of each succeeding year, for the sum of $78, except the last, which is for the sum of $75. The note stipulates an interest rate of 5½% per annum from date.

In its petition the plaintiff alleged that the installments due for the years 1931, 1932, 1933, 1934, 1935 and 1936, respectively, are past due, exigible and unpaid, and that it has exercised its option as the holder of the note and mortgage to declare, and has declared, the entire balance of the said note due and payable. It alleges further that there is presently due, as of January 26, 1937, $1,544.10, all in accordance with a statement of account which it annexes to and makes part of its petition, and that it is entitled to interest at the rate of 5½ per centum on $980.53 of that amount, and interest at 6% on $518.27, from January 26, 1937. The plaintiff annexed the note, the statement referred to and a certified copy of the act of mortgage, and obtained an order of executory process which was issued on February 15, 1937.

In due time the mortgaged property was seized and advertised to be sold on April 24, 1937. On April 22, two days before the sale was to take place, the defendant, William Chester Cooper, presented an application to the district judge asking for a temporary restraining order and for a rule nisi for a preliminary writ of injunction. In his application the defendant alleged that whilst the act of mortgage was only executed for the sum of $1,200, the plaintiff was claiming in its petition a balance of $1,544.10, which was $344.10 in excess of the original amount of the original indebtedness, and moreover that on the reverse of the note itself there appeared credits showing the same to have been reduced to the sum of $1,003.35.

He alleged further that the said balance as just stated should be further reduced by payments made to the field representative of the plaintiff, one of $20 made in March 1936, and another of $157.50 made on July 6, 1935. He further set out that he is entitled to various small items of credit totalling the sum of $35, and acknowledged by the plaintiff on various dates from May 7, 1928 to April 8, 1931. Further he alleged that the plaintiff is indebted unto him in the sum of $314, being 25% of certain dividends due by it to the Progressive National Farm Association of Pontchatoula, La., and also the sum of $2,700 for commissions for collecting installments under a contract by a letter which is filed in another suit on the docket of the district court in the Parish of Tangipahoa. He alleged that he is entitled to offset the claim of the plaintiff by the various amounts mentioned and further entitled to a judgment in reconvention against the plaintiff for whatever amount the court may determine to be the difference between its claim and the said credits which he is entitled to. He then set out that he is entitled to recover also a large amount for damages as a result of having been harassed by litigation on the part of the plaintiff and his credit and good name having been ruined. He listed various items totalling the sum of $229,100, and asked that his rights to sue the plaintiff in a separate action be reserved.

Upon an affidavit made by him that he would suffer immediate and irreparable injury unless he were granted a temporary restraining order to protect his rights, the district judge signed an order as prayed for by him, upon his furnishing bond in the sum of $150. The rule for the preliminary injunction was made returnable May 17, 1937.

In a supplemental petition filed by him a few days later, the defendant alleged that the plaintiff was further indebted unto him in the sum of $2.50 for a fee as Secretary-Treasurer of the Progressive Farm Loan Association of Pontchatoula, La., for a quarterly report from June 23, 1931, and that it was further indebted unto him in the sum of $2,151.67, represented by a note for the said amount executed by the said Progressive National Farm Loan Association, and which note the plaintiff has, by virtue of its participation in defense of a certain suit against the said Farm Loan Association, made itself liable for.

Various preliminary pleas and exceptions were filed by the plaintiff to the defendant's petitions for injunction. They were all disposed of adversely and in due time a preliminary injunction was granted on the rule. The case finally came to trial on its merits and resulted in a judgment on February 28, 1938 in favor of the plaintiff and against the defendant, rejecting the latter's demand and recalling and setting aside the temporary restraining order and the preliminary injunction which had heretofore issued. From that judgment the defendant has taken this appeal.

In this court Counsel for plaintiff reurge and stress the preliminary pleas and exceptions filed by them in the lower court, to all of which we think there is considerable merit. As we have the case before us on the merits however and we believe that the final judgment as rendered in the lower court so correctly disposes of the issue raised on the merits of the application for the injunction, we deem it proper, and more in the end of rendering justice in the case, to consider the matter on the merits without passing on these various pleas.

With regard to the defendant's first complaint, that is, that the amount stated as due in the petition is larger than the amount of the note itself, the allegation is worded in such a manner that we do not quite understand that that is a matter which is urged as a ground for the injunction. The defendant, as we construe the allegations of his petition for injunction, does not contend that the amount stated in plaintiff's petition is not the amount due by him, but it is because of an indebtedness due him by the plaintiff which is even greater than the amount claimed in its petition, that he is entitled to the injunction. He specifically claims these various amounts of credit which he says he is entitled to, as an offset against the amount claimed by the bank, and further alleges that he is entitled to a judgment in reconvention, not for any specific amount stated by him, but for such amount as the court may determine to be the difference between what he owes the bank and the amount the bank owes him.

We find no allegation by the plaintiff that the order for executory process issued for a greater amount than what was due. It is true that defendant does allege that the amount stated in the petition is more than the amount appearing on the face of

the note, or the balance appearing on the reverse thereof after certain credits had been allowed. But the statement annexed to the petition with the note shows how the amount stated in the petition was arrived at. When we consider that we are dealing with an obligation on which the last credit appears as of the year 1931, and that interest was steadily accruing, it is not difficult to understand how the amount stated as being due, including interest up to the time suit was filed, was reached.

There are four notations on the back of the note which the plaintiff claims are included in the credits and which would have reduced the principal of the note to the sum of $1,003.35. These notations are fully explained by one of the officials of the bank who formulated the statement showing the actual amount due, and we do not think that defendant seriously disputes this explanation. They are merely notations of extensions of the installments for four years, and as a matter of fact seem to have been placed on the note as a favor to the defendant in order to give him the advantage of a slightly lower rate of interest. Besides his explanation of these notations, the official referred to fully explained the statement showing how the various amounts were arrived at. This explanation satisfied the district judge and the defendant has not pointed out to us where it is in error.

With regard to the first two items of credit, that is, the one for $157.50 and the one for $20, plaintiff does not dispute these and as shown by the testimony the defendant was given proper credit for both. The claim of $35 made up of various small items is shown to be a claim which the defendant may have against the Federal Farm Loan Board at Washington, D. C., for certain reports rendered by him as Secretary-Treasurer of the Progressive Farm Loan Association of Pontchatoula, La. But defendant certainly has failed to show that the same is due him by the plaintiff bank as the Federal Farm Loan Board and the plaintiff are two independent organizations.

The next two items that are claimed by the defendant are the one for $314 for 25% of certain dividends which he alleges are due by the plaintiff to the Progressive National Farm Association of Pontchatoula, and that for $2,700 alleged to be for commissions due him for collections of installments under a contract by letter filed in the record of a certain suit in the district court of Tangipahoa Parish. The defendant has not shown by what right he is entitled to the dividends which he claims are due to the Progressive National Farm Association of Ponchatoula, Louisiana. He was only the Secretary and Treasurer of that association. He has not shown in any way that those dividends, if any are due to the association, have been in any manner assigned to him personally, and in the absence of any proof that they are due to him individually we do not understand by what right he can claim them in this suit which is directed against him personally. Moreover the proof is far from showing that these dividends are due even to the Progressive National Farm Association. With regard to the item of $2,700 based on the letter referred to by the defendant and by which he claims the plaintiff contracted to pay commissions to that amount, we hardly think he can be serious, as that letter certainly established no such contract or obligation and outside of the plaintiff's own statement there is absolutely no proof to support any such claim.

This brings us to the defendant's claim for $2,151.67 which is set out in his supplemental petition and which he claims to have arisen from a note executed by the Progressive National Farm Loan Association, which was in contest in a certain suit of the Estate of E. M. Stafford against the Association, and for which the plaintiff has made itself liable by reason of its participation in said suit. We confess our total lack of understanding of the basis on which this claim is made. There is not a word nor any other form of evidence which we can find which in any way connects either the plaintiff or the defendant as parties to that suit, nor any suggestion from which we can infer how the plaintiff herein might have incurred any obligation respecting the same toward the defendant.

The history of this litigation shows a somewhat studied purpose on the part of this defendant to resist the present foreclosure and to delay as long as he could the sale of his property thereunder. The district judge appears to have been very liberal in his treatment of the defendant but apparently has come to the conclusion that there is no merit in any of the pretentions he makes in resisting the plaintiff's suit. His judgment recalling the temporary injunction which he had previously

granted indicates his deliberate and final conclusion in the matter. Certainly there has been pointed out no error to justify a reversal thereof, and consequently it will be affirmed.

Judgment affirmed, the appellant to pay all costs.