187 So. 669

**MARKHAM et al. v. LACAZE et al.**

No. 35188.

March 6, 1939.

Bryan E. Bush, of Shreveport, for appellants.

Isaac Abramson, of Shreveport, for appellee Joseph P. Lacaze.

Chandler & Chandler and H. M. Holder, all of Shreveport, for appellee R. E. Allison.

FOURNET, Justice.

Plaintiffs, as heirs of James Markham, instituted this suit to recover the SW¼ of the SE¼ of Sec. 17, T. 18 N., R. 14 W. situated in the Parish of Caddo, Louisiana, which was adjudicated to the defendant J. P. Lacaze, Jr., by the sheriff, on April 29, 1936, at a foreclosure sale instituted by J. P. Lacaze, Jr., against plaintiffs' father, and to cancel a certain mineral lease affecting said property executed by the adjudicatee in favor of the defendant R. E. Allison, on the ground that the adjudication to the defendant is null and void.

Defendants filed exceptions of no cause and no right of action to plaintiffs' petition, and, in the alternative, pleaded that the grounds urged in support of the in-

validity of the adjudication are mere informalities cured by the prescription of two years under Article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932.

The trial judge maintained the exceptions of no cause and no right of action and dismissed plaintiffs' suit and they have appealed.

The basis of plaintiffs' action, upon which they rely to set aside the adjudication of the property at the sheriff's sale, is that the bid of the defendant J. P. Lacaze, Jr., being for an amount insufficient to discharge a mortgage existing on the property, the sheriff was without right to adjudicate the property to Lacaze, and, in the alternative, if such defect be held to be a relative nullity subject to the prescription of two years, that the sale is an absolute nullity because of the sheriff's failure to return the writ within seventy days.

█ The pertinent allegations of plaintiffs' petition, which, for the purpose of disposing of the exceptions of no cause and no right of action, must be accepted as true, are that the property in controversy was adjudicated by the sheriff to the defendant J. P. Lacaze, Jr., on April 29, 1936, at a foreclosure sale under proceedings via executiva instituted by Lacaze to enforce the payment of three notes of $250 each executed by plaintiffs' father and secured by mortgage on the property; that the sheriff did not make a return of the writ of seizure and sale until July 12, 1937; that whereas the amount of the bid for which the property was adjudicated was given in the deed as $350, in fact and truth the bid was for the sum of $250; that " * * * there was no valid existing and prior liens against said property, and that if there was a lien in the form of mortgage, as shown by Clerk's mortgage certificate filed in said record, showing a mortgage in the amount of $155.00 given by Robert Martin on an undivided one-half (½) interest on the North half (N½) of said property * * * then the bid of plaintiff in said suit in the sum of $250.00 was not sufficient to discharge said mortgage and lien, and, therefore, said sale was null, void, and of no effect." They further allege that the defendant R. E. Allison accepted the lease on the property with full knowledge of the defects in the title of J. P. Lacaze, Jr.

It is provided in the Code of Practice that " * * * if the price offered * * * by the highest and last bidder, is not sufficient to discharge the privileges and mortgages *existing on the property, and which have a preference over the judgment creditor,* there shall be no adjudication, and the sheriff shall proceed to seize other property of the debtor, if there be any." Article 684. (Italics ours.)

█ The provisions of the foregoing article necessarily contemplate that the privileges and mortgages existing on the property must be valid and enforceable, otherwise they could not have a preference over the judgment creditor. Having alleged in their petition "that there was no valid existing and prior liens against said property" plaintiffs failed to disclose a cause or right of action. Their further

allegation that "*if* there was a lien in the form of mortgage, as shown by Clerk's mortgage certificate," when considered with the foregoing expression, is not such an allegation as will support a cause or right of action, but, in fact, negatives the fact that such mortgage exists. (Italics ours.)

Plaintiffs' alternative contention is equally without merit, because this court has on numerous occasions ruled that the provisions of Article 700 of the Code of Practice do not apply in the case of writs of seizure and sale, which writs, unlike the writ of fieri facias, remain in the hands of the sheriff until satisfied in whole or in part or until ordered by the court or the plaintiff to return them. Stackhouse v. Zuntz, 41 La.Ann. 415, 6 So. 666; Munholland v. Scott, 33 La.Ann. 1043; Brooks v. Magee, 126 La. 388, 52 So. 551.

We therefore conclude that the trial judge properly sustained the exceptions of no cause and no right of action.

For the reasons assigned the judgment of the lower court is affirmed, appellants **to** pay all costs.