## COOPER v. FEDERAL LAND BANK OF NEW ORLEANS.

### No. 2142.

Court of Appeal of Louisiana. First Circuit.
Oct. 3, 1940.

Argued before LE BLANC and OTT, JJ.

Wm. Chester Cooper, of Ponchatoula, in pro. per.

Carroll Buck, of Amite, and Harold Moses, of New Orleans, for appellee.

OTT, Judge.

The plaintiff, Cooper, executed a mortgage in favor of the defendant land bank in November, 1922, to secure a loan of $1,200, represented by his note for that

amount, payable in 35 annual installments of $78 each, except the last installment which was for $75. The land covered by the mortgage consists of 80 acres with improvements in Tangipahoa Parish. It appears that several installments were paid when, in May, 1930, the first of a series of suits on this loan was filed by the land bank against Cooper for the foreclosure of the mortgage on account of the failure to pay an installment. It appears that this suit was dismissed on the payment of the past due installment.

Another suit was filed by the land bank to foreclose the mortgage in February, 1931, and after an effort on the part of said Cooper to enjoin the sale of the mortgaged property, a judgment was rendered in the injunction suit rejecting the demands of Cooper. The foreclosure proceedings were dismissed, however, in October, 1931, on the adjustment of the installments. Another suit was filed to foreclose the mortgage in May, 1935, which suit was likewise compromised and the suit dismissed. No further suit was filed to foreclose the mortgage until February, 1937, when suit No. 7914 was filed to foreclose on an alleged balance due on the mortgage of $1,544.10. As this latter suit plays a considerable part in the decision of the present case, it is necessary to give the substance of the issues raised and decided in this last suit which will be referred to as 7914.

In 7914, the defendant Cooper filed a petition for an injunction to restrain the sale on the ground that the bank was due him for amounts paid and not credited and for certain reports, commissions and dividends due him as the Secretary of the local farm loan association, which sums exceeded the balance due on the mortgage note. In his petition in that suit he alleged that the bank was also due him $229,100, for damages by reason of having been sued four times by the bank, on account of withholding money due him thereby causing him to lose his credit and good name; in preventing him from developing his farm, sacrificing cattle and hogs in order to raise money to defend these suits; neglect of the education of his children, loss of property mortgaged to the Southern Homestead Association, and for embarrassment and humiliation caused by forcing him to go on relief. He did not pray for a judgment against the bank in that suit for these fabulous items of damage, but he did reserve his right to sue the bank for these items of damage in a separate suit. The prayer of his petition in suit 7914 was for an injunction to restrain the sale of the property and for judgment against the bank for whatever difference was found to be due him by the bank over and above the balance due on the mortgage.

A final judgment was rendered in suit 7914 in February, 1938, dissolving the temporary restraining order and preliminary injunction which had been issued in the case and rejecting the demands of Cooper. The latter took an appeal to this court and the judgment was affirmed. 183 So. 575. The property was again advertised to be sold on March 2, 1940, and on February 23rd, seven or eight days before the sale, the present suit bearing the number 9537 was filed by Cooper asking for an injunction to stop the sale of his property and for damages against the bank.

The ground on which the plaintiff Cooper in this suit 9537 sought to enjoin the sale on March 2nd was that the bank owed him for salary and dividends while Secretary-Treasurer of the local farm loan association an amount more than sufficient to pay the balance due on the mortgage. He also set out in his petition his claim for damages exactly as he had stated his claim for damages in suit 7914, wherein he reserved his right to sue for said damages in a separate suit, but has added to his claim for damages in this suit another item of $50,000 because of two more years of mental worry and financial strain, as well as the neglect of his family and his business, resulting from the continued litigation.

A rule nisi was issued on this petition against the bank to show cause on February 29, 1940, why a preliminary injunction should not be issued restraining the bank and the sheriff from selling the property. On the return day of the rule, the bank filed an exception of no cause or right of action and a plea of res judicata to the petition for a preliminary injunction. The record in suit 7914 was introduced under the plea of res judicata and this plea was sustained and a judgment was signed on the return day of the rule wherein it was ordered "that the exception of res adjudicata be sustained, and that the rule for a preliminary injunction be denied at the cost of plaintiff in rule."

The plaintiff asked for and was granted an order of appeal from the above judgment on the day of its rendition. The property was sold as advertised on March 2nd, the bank becoming the purchaser. On March 14th following, the bank filed further exceptions and pleas wherein it stated that it had filed exceptions of no right or cause of action and of res judicata in connection with the rule for a preliminary injunction, which resulted in the court's refusal to grant the preliminary injunction; that the court having disposed of the rule for a preliminary injunction, it (the bank) appeared for the purpose of excepting to plaintiff's petition on account of vagueness and want of compliance with the pleading and practice act; that, in the alternative, the petition sets out no cause or right of action, and for further exception, the bank pleaded res judicata in the former suit 7914.

None of these exceptions were passed on by the court, and it is therefore obvious that the case is here on appeal from the judgment which denied the rule for a preliminary injunction by reason of sustaining the plea of res judicata filed against that rule. As the lower court has never passed on any of the exceptions and pleas filed against the petition on the other claims, these exceptions and pleas are not now before us.

The effect of denying the preliminary injunction by reason of sustaining the plea of res judicata was tantamount to a denial of any kind of injunctive relief to prevent the sale of the property for the causes set out in the petition; i. e., because the bank owed plaintiff for salary, commissions, etc., an amount more than sufficient to pay the mortgage note. Baton Rouge Production Credit Ass'n v. Newsom, La. App., 191 So. 154. Insofar as the right of plaintiff to enjoin the sale, or to litigate his claim for salary, commissions, etc., as an off-set to the note is concerned, that question was as effectively decided in denying the preliminary injunction as it would have been had the case been tried on the merits. But as to any other claims set up in the petition, the suit is still pending subject to the exceptions and pleas filed by the bank after the judgment on the rule was rendered. The appeal is only devolutive in nature.

The bank has filed a motion in this court to dismiss the appeal on the ground that the appellant has acquiesced in the judgment by leasing the farm from the bank after its purchase by the bank at sheriff sale. A copy of this lease, dated March 23, 1940, is annexed to the motion. The lease expires January 1, 1941, and Cooper agrees to pay a rental of $150 and surrender possession of the leased premises at the expiration of the lease. The lease also contains a clause to the effect that the tenant will not attempt to off-set any part of the rent by any amount allegedly due him by the bank.

To take away the right of appeal, there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant, who must have intended to acquiesce and abandon his right of appeal. Even though it be claimed and admitted that the appellant concedes the validity of the sheriff sale of the property and the bank's ownership of it, that fact would not be sufficient to justify a dismissal of the appeal. Acquiescence implies consent; admission does not. There is no consent shown on the part of appellant to abandon or dismiss his appeal by the mere fact that he leased the property which was purchased at the sheriff sale, the prevention of which sale was the object of the suit from the adverse judgment in which the appeal is taken. Appellant in order to keep from being ousted from the property may have been forced to lease it, which fact certainly could not be construed as an abandonment of his appeal by consent and acquiescence. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Prentice v. Chewning, 1 Rob. 71.

We do not consider that any act has been shown on the part of Cooper that would indicate that he has voluntarily executed the judgment from which he has appealed and which would prevent him from prosecuting his appeal under Article 567 of the Code of Practice. For these reasons, the motion to dismiss the appeal is overruled.

### On the Merits.

The plaintiff, in a suit for an injunction to prevent the sale of his property under a writ, cannot withhold grounds which should have been set up in a prior suit for the same purpose, and then, after being defeated in the first suit, file another suit for the same purpose and re-urge the grounds set up in the first suit and add to them the additional grounds withheld in the first action. To permit such a practice would enable a debtor to file almost an endless chain of suits to enjoin the sale

of the seized property by alleging only one or more of several grounds and withholding other grounds for another suit. Brooks v. Magee, Sheriff, et al., 126 La. 388, 52 So. 551.

Where the plaintiff is aware of other grounds for an injunction other than those set up in his petition to prevent a sale of his property, he cannot in a subsequent suit filed for the same purpose avail himself of the grounds which he knew of at the time of filing his first suit. Courts look with disfavor on a multiplicity of suits to attain a purpose that can be fully litigated in one suit, and thus prevent a person from being annoyed and harassed by several suits designed to secure one particular form of relief. Givens v. Arcadia Cotton Oil & Mfg. Co., La.App., 175 So. 91; Porter v. Morere et al., 30 La.Ann. 230.

Practically all of the grounds were urged by the plaintiff in suit 7914 to enjoin the sale of his property as he is now urging in this suit 9537 to obtain the same relief. These grounds arise out of claims which he contends the bank owes him for salary, commissions, reports, etc., for services rendered by him to the local farm association. While his claims are not presented in exactly the same form nor amounts in this suit as in the former suit, yet there can be no question but that his present claims existed and were known to him when he filed the other suit. The former suit disposed of these claims insofar as his right to claim injunctive relief, or to assert as off-set against the mortgage for these claims for commissions, salary, reports, etc., was concerned, and the trial court was correct in sustaining the plea of res judicata and in denying the injunction sought on grounds already foreclosed by the former judgment.

For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellant.

DORE, J., not participating.