## SEGOND, Agent, *v.* ROACH.

Though the defendant in an action on a lost note allege, under oath, that the note was a forgery, the testimony of witnesses will be admissible to prove a presentment of the note and her acknowledgment of its genuineness. In such a case, plaintiff will not be restricted to proof by witnesses who saw the defendant sign the act, or who know it to be her signature because they have frequently seen her write and sign her name, or by experts or comparison of writing. Art. 325 C. P. is an exception to the general rule of evidence, and must not be extended beyond those ordinary cases to which it clearly applies.

APPEAL from the District Court of Ascension, *Randall*, J. *Augustin* and *Duffel*, for the plaintiff. *R. A. Upton*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. A former action had been brought upon the note which forms the basis of the present suit, but the parish court-house was destroyed by a conflagration, and with it the note. The petition alleges the destruction of the note, and also states the consideration for which the defendant gave it—goods furnished to her. In her answer she asserted that the note was a forgery, and accompanied the plea by her oath. At the trial the plaintiff offered two witnesses to prove a presentment of the note to the defendant, and her acknowledgment of its genuineness. To the admission of such evidence the defendant objected upon the ground, that, as the defendant had pleaded the forgery under oath, the plaintiff could only be permitted to prove its genuineness, either by witnesses who had seen the defendant sign the note, or who could declare that they knew the signature to be hers, or by experts or comparison of writing, as established by the Civil Code. The 325th article of the Code of Practice declares that: "If the defendant deny his signature in his answer, or contend that the same has been counterfeited, the plaintiff must prove the genuineness of such signature, either by witnesses who have seen the defendant sign the act, or who declare that they knew it to be his signature, because they have frequently seen him write and sign his name. But the proof by witnesses shall not exclude the proof by experts, or by a comparison of writing as established by the Civil Code."

This article was considered in the case of *Plique* v. *Labranche*, which was

an action against an indorser who disputed his signature. The note was in existence. Evidence to prove the verbal acknowledgment of *Labranche* that the endorsement was in his handwriting was offered by the plaintiff, objected to by the defendant, and received by the court below. Upon appeal it was held, *Martin*, J. acting as the organ of that court, that the evidence was inadmissible.

The article of the Code, thus interpreted, is in derogation of the general law of evidence, and must, therefore, be strictly construed. It must not be extended beyond those ordinary cases to which it clearly applies, and which alone are to be considered as contemplated by the law giver. But the case before us is out of the ordinary category. Here the note has been destroyed; a circumstance not presented in any of the cases cited.

But the defendant argues that, even where the note has been destroyed, it is still possible to meet the requisitions of the Code of Practice. This is true; but it is not the whole truth. The holder of a lost note might perhaps have the good fortune to find witnesses acquainted with the party's handwriting, who had seen the note before its destruction, or persons competent to act as experts who had seen the note. But it is obvious that, in most cases, the owner would be put at disadvantage by the destruction of the note. The range of his evidence would be much circumscribed. He would be restricted to witnesses who had seen and examined the note before its destruction, while in cases where the instrument existed and could be produced, he would have the range of the entire parish for experts, and of the whole State, or Union, or foreign countries, for witnesses to prove the handwriting. We cannot strain the rule of the Code to a case thus out of the ordinary category, and where the ends of justice might be defeated by limiting the plaintiff to a class of witnesses who perhaps could not be found. There was, therefore, no error in the ruling of the court below.

On the merits, the case stands thus: The plea of forgery is met by the testimony of two witnesses, whose character has not been impeached. They prove the presentation of the note to the defendant after its maturity, and her recognition of its genuineness. They prove also that goods furnished to her plantation were the consideration of the note, and that the objection made by her to paying it when presented, was her belief that it had been already paid. Facts sworn to by other witnesses corroborate the statements of these two witnesses. This testimony the jury believed. It satisfied them that the note was genuine, and they found a verdict for the plaintiff. The district judge refused a new trial. Although this court has the power to reverse the verdict of a jury, it is a power we will not exercise except where the verdict is manifestly erroneous; which we cannot say is the case in the present instance.

The exception to the capacity of the plaintiff was properly overruled.

*Judgment affirmed.*