## CHARLES McMICKEN *v.* THOMAS G. MORGAN, Executor, et al.

A judgment dissolving an injunction which restrains an execution, relieves the execution of the restriction, and the property being already under seizure, no further notice of seizure is necessary.

An error in the advertisement not calculated to mislead, affords no ground for an injunction.

A judgment rendered between the parties, dissolving a prior injunction, is a bar to any enquiry into the grounds for injunction existing anterior to that judgment, and of which the party might then have availed himself.

APPEAL from the District Court of the Parish of East Baton Rouge, *Baylies* J., holding a special term to try the cases in which *Robertson,* J., had been recused. *Brunot,* for plaintiff and appellant. *T. G. Morgan,* for defendant.

OGDEN, J. The injunction obtained by the plaintiff in this case is the sequel of the judgment rendered in the lower Court in the suit of *McMicken* v. *Maxent,*

executor, which was before this court on appeal, and is reported in 8 An. R. p.—.* The plaintiff having taken only a devolutive appeal from the judgment dissolving the first injunction, the defendant, as executor of *Cavallier*, proceeded under the seizure which had been previously made, to cause the property to be sold, when this second injunction was obtained on the same grounds alleged in the petition for the first, with the following additional grounds based on the subsequent proceedings:

1st. That no executor could be prosecuted, if at all, except in the suit and under the judgment rendered in the case where the petitioner was plaintiff.

2d. That no legal or sufficient notice of the seizure had been given.

3d. That the Sheriff had not given a legal notice for the appointment of appraisers.

4th. That the property was not correctly advertised for sale.

The first and second of these grounds may be disposed of by remarking that the only judgment rendered in the suit to which the plaintiff was a party, was one dissolving his injunction, by the effect of which the execution enjoined was let loose, and the property being already under seizure, no further notice was necessary. The third ground of illegality is disproved by the evidence, which shows that the notice to appoint appraisers was served on an agent of the plaintiff, and was also posted up in the Clerk's office.

The fourth and last objection made on the ground that there was no legal and sufficient advertisement and description of the property for sale, does not present any sufficient ground for enjoining the sale. The error was not calculated to mislead any one, as the property was described by its boundaries and the error was only in one and the first advertisement of the sale for cash, having been corrrected in the subsequent advertisements. The description of the property was correctly made in conformity with the partition which had been effected subsequent to the seizure and during the pendency of the injunction.

The peremptory exception pleaded by the defendant against all the matters embraced in the first suit, and again set up in the present one, was properly sustained. The judgment rendered between the parties, dissolving the first injunction, was a bar to any enquiry into the grounds for injunction existing anterior to that judgment, of which the party might then have availed himself.

It appears to us the injunction was obtained on insufficient grounds, and that it was resorted to, improperly, for the purposeof securing the advantage of a suspensive appeal from the judgment on the first suit, without giving the security required for such an appeal.

The Court below did not err in dissolving the injunction.

In consequence of the judgment rendered in the case of *McMicken* v. *Maxent*, executor, reducing the amount for which the execution could issue, which, however is not in evidence, the plaintiff may be equitably entitled to a reduction of the damages and interest awarded by the judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed with costs and without prejudice.

---

*The case referred to in the text involved the question of good faith of the plaintiff: and as this depended exclusively on facts, it was not reported.—REP.