(54 South. 405.)

No. 18,190.

## SIEKMANN v. SCHWARTZ.

(Feb. 13, 1911.)

*(Syllabus by the Court.)*

1. MORTGAGES (§ 413*) — FORECLOSURE—PRO-
CEEDINGS—ISSUE — FORGERY — EXECUTORY
PROCESS.

An answer by a defendant, in executory
process, to plaintiff's petition for an injunction,
that the note and mortgage sued on in fore-
closure proceedings were not signed by her pre-
sented an issue of forgery, and the trial court
should have tried and decided that issue.

[Ed. Note.—For other cases, see Mortgages,
Dec. Dig. § 413.*]

2. MORTGAGES (§ 413*) — FORECLOSURE—PRO-
CEEDINGS—ISSUE—FORGERY.

If the note and mortgage were forgeries,
there would have been an end to the litigation.

[Ed. Note.—For other cases, see Mortgages,
Dec. Dig. § 413.*]

Appeal from Civil District Court, Parish
of Orleans; Walter B. Sommerville, Judge.

Action by Dr. Ivan F. Siekmann against
Mrs. Widow Henrietta Schwartz. From the
judgment plaintiff appeals. Reversed and
remanded.

McCloskey & Benedict, for appellant. Sol-
omon Wolff, for appellee.

BREAUX, C. J. Plaintiff brought this ac-
tion of foreclosure, on June 28, 1909, on a
promissory note for $12,000, with interest,
dated New Orleans, June 23, 1908, payable
one year after date, and secured by mort-
gage on lots of ground in this city.

Defendant obtained a writ of injunction
without bond on the grounds that plaintiff is
not the owner of the note sued on, and that
he did not acquire it before maturity.

Defendant answers that she is not the
maker of the note; that she did not sign the
mortgage, and does not owe the amount
claimed, no consideration having ever been
received by her; in fact, that the note is
forged.

The only issue presented by defendant in
her petition for an injunction is forgery.

In the prayer of this petition, she asks
that the note be annulled and canceled and
that the recorder of mortgages be instruct-
ed to cancel the inscription of the alleged
mortgage.

The plaintiff, Dr. Siekmann, defendant in
injunction, answered the petition for an in-
junction by a general denial.

The judge of the district court, in his
written reasons for judgment, said substan-
tially that, from evidence offered by plain-
tiff, it appeared that the order for exec-
utory process had been issued without an au-
thentic act of mortgage; that the mortgage
was not written and signed in the parish of
Orleans; that the allegation that the act is
a forgery and the prayer for general relief
are sufficient to maintain the injunction. At
the same time, he reserved to plaintiff in ex-
ecutory process whatever right, if any, he
had on the note sued on in foreclosure.

It appears from the evidence that the de-
fendant was at Covington, in the parish of
St. Tammany, on the 23d day of June, 1908,
the date the act of mortgage and the note
were signed before Maloney, notary of this
city. Maloney was present. The two wit-
nesses named as witnesses to the act were
not present.

The evidence further discloses that this
notary had the implicit faith and confidence
of defendant, an elderly widow lady of
means, who intrusted him with most of her
business affairs, to such an extent, is the tes-
timony, that she hardly knew the condition
of her own affairs and of her account with
Maloney.

There is also evidence before the court that
the note sued on was transferred by the orig-
inal holder before maturity.

Dr. Siekmann, the holder of the note, ap-
pealed.

### Discussion and Judgment.

The issues on this appeal are restricted to
forgery vel non, although the argument has
taken a somewhat broad range.

Our learned brother of the district court, after arriving at the conclusion that the evidence upon which he issued executory process was not authentic, made the injunction perpetual, and rendered judgment for defendant.

The ground upon which he acted in thus disposing of plaintiff's claim was not at all presented to the court by the pleadings.

In thus disposing of the case, he, in our opinion, was in error; the question of forgery should have been decided, as it was the only question presented.

Now as to the insufficiency of the evidence, upon which executory process was issued: That point has not been raised and cannot legally be decided.

The act made proof of indebtedness, unless there was forgery.

If it be that the act was not an authentic act because it did not appear that it was passed before a notary and two witnesses, none the less, this, not being alleged, will not afford ground for an injunction.

As relates to the mortgage: Although not in authentic form, it still exists, for a mortgage act may be passed by private signature. Civ. Code, art. 3305.

The difference between the two—the mortgage passed before a notary and two witnesses, and the mortgage over private signature—is that the former can be foreclosed by executory process and the latter only via ordinaria.

Under article 732 of the Code of Practice, the mortgagee is not at liberty to proceed by executory process; as stated before, the mortgage, none the less, exists.

It is well settled that, for insufficiency of evidence, the remedy is by appeal, for cases specially stated in article 738 of the Code of Practice.

If the evidence shows the forgery charged, there will be an end of the suit; if it does not, it will be time enough for plaintiff in executory process to determine whether he will continue the proceedings and incur the risk of meeting the plea of nullity thereafter to set aside the proceedings on the ground that he could not proceed via executiva.

And it is for the defendant to determine whether he will allow the property to be sold in such proceedings.

After this statement, somewhat by way of illustration, we return to the proposition that in any case the district court will first decide whether or not the forgery charged is sustained by the evidence.

That issue has not yet been decided.

In a number of decisions, it is now the settled jurisprudence that issues will be reviewed after they have been decided by the court of the first instance.

For that reason, we will have to remand this case in order that the issue of forgery vel non may be decided by that court.

As before stated, if it be determined that the notes and the mortgage are forged, there will remain nothing further about which to litigate.

If the signature is genuine, it will be necessary to determine whether the proceedings should be dismissed in case it be found that the mortgage is not evidenced by an authentic act in case the parties insist upon remaining in court and litigating, although the process is not in due form.

If they choose to take their chances, it is their concern.

Another question arose during the trial, which is before us as it has been directly passed upon by the district court.

We have given it some consideration.

The defendant in executory process, Mrs. Schwartz, and plaintiff in injunction, when the plaintiff in executory process and defendant in injunction, Dr. Siekmann, offered to prove that she had acknowledged her signature as genuine, objected on the ground that, under article 325 of the Code of Prac-

tice, proof of acknowledgment of the maker of the note shall be excluded, as, under the article cited, proof is limited in such a case to witnesses who have seen the defendant sign the act or who declared that they know it to be the genuine signature because they have seen the author of the signature write and sign, but that the proof by witnesses shall not exclude the proof by experts or by comparison with the writing as established by the Civil Code.

The objection finds support in Plicque & Lebeau v. Labranche, 9 La. 559.

The district court, in the cited case, held that the acknowledgment of the party of his signature is in the nature of evidence.

This court held that, if the signature is specially denied by the party, the evidence of acknowledgment is not admissible because, says the court, it is weak.

We are not inclined to the view that the mode of proving the signature is not exclusive, as laid down in the decision cited above. The article of the Code thus construed is in derogation of the rules of evidence.

This was substantially held in Segond v. Roach, 4 La. Ann. 54, and, for that reason, the court said it should be strictly construed and should not be extended beyond cases specially included within the terms of the article.

The note in the case cited had been destroyed, and, only because it had been destroyed, the court held that it was not in the ordinary category; that the article cited did not apply.

It does not appear to us that the reasoning is entirely sound, for, although lost, the genuineness of the signature of the lost note was still an issue susceptible of proof.

We mention these facts to add that the first opinion cited on the subject is already shaken as a complete authority upon the subject in hand.

Proof of acknowledgment under article 2241, Civ. Code, must be made in the manner provided; otherwise, it is not binding.

But the restricted effect of article 325 of the Code of Practice does not extend so far as to render it necessary to exclude all testimony on the subject.

In this instance, we attach no importance to the mere acknowledgment of the signature, for, if it was acknowledged, it is very evident that the defendant could easily be imposed upon.

We none the less do not close this question entirely in order to leave the matter to future argument, should counsel choose to discuss it further, although we have well-defined opinions upon the subject.

It is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that this case be remanded to the district court to be proceeded with in accordance with the view before expressed and the requirement of law.