(66 South. 770)

No. 20188.

SCHWARTZ v. SIEKMANN.

(Nov. 16, 1914. Rehearing Denied Dec. 14, 1914.)

*(Syllabus by Editorial Staff.)*

1. INJUNCTION &#9702;&#61664;8 — SUCCESSIVE INJUNCTIONS—GROUNDS.

Executory process issued against plaintiff, and she sued out an injunction, and, while the nonauthenticity of her act of mortgage was not made a ground of injunction in that suit, it was urged in argument, and the trial court so held, and maintained the injunction, but the Supreme Court on appeal reversed and remanded for new trial, on the ground that it had not been alleged, saying, in course of argument, that if the evidence did not show the forgery, it would be time enough for plaintiff in executory process to determine whether he would continue that proceeding and risk the plea of nullity thereafter to set it aside. *Held,* in a suit for an injunction after the injunction in the first suit had been dissolved, that the court's remark was not a reservation in favor of plaintiff herein, that the grounds which might have been urged in the first injunction could not serve as a basis for a second injunction, and that plaintiff's ignorance of the law at the time of the first injunction would not warrant a second injunction on grounds that might have been urged in the first suit.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 7; Dec. Dig. &#9702;&#61664;8.]

2. INJUNCTION &#9702;&#61664;123—PETITION — EXCEPTION OF NO CAUSE OF ACTION—HEARING—SCOPE.

Matters not alleged in the petition for an injunction do not appear in a case tried on exception of no cause of action; in other words, "on the face of the petition."

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 270; Dec. Dig. &#9702;&#61664;123.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit for injunction by Mrs. Henrietta Schwartz against Dr. Ivan F. Siekmann. Judgment for defendant, and plaintiff appeals. Affirmed.

Solomon Wolff, of New Orleans, for appellant. McCloskey & Benedict, of New Orleans, for appellee.

PROVOSTY, J. [1, 2] Executory process having issued against the plaintiff in this suit, she sued out an injunction on the ground that the notes and the act of mortgage upon which said process had issued were forgeries. The trial court so held; but, on appeal to this court, the judgment was reversed, and the case was remanded for trial (128 La. 11, 54 South. 405), and subsequently, on a second appeal, the injunction was dissolved (132 La. 852, 61 South. 847). Plaintiff then brought the present suit, which is another injunction against the same executory process. Her ground is that the act of mortgage in question is not authentic, and therefore does not authorize executory process. Defendant asked that the injunction be dissolved on several grounds, which resolve themselves into the familiar principle that any ground which might have been urged in a first injunction that has been dissolved cannot serve as a basis for a second injunction. Porter v. Morere, 30 La. Ann. 230; Fluker v. Davis, 12 La. Ann. 613; McMicken v. Morgan, 9 La. Ann. 208. Plaintiff seeks to avoid the application of this principle to the present case by invoking what her learned counsel takes to have been a reservation in her favor in the judgment of this court in the first suit. The facts in that connection are these: While the nonauthenticity of this act of mortgage had not been made a ground of injunction in that suit, it was urged in the argument, and upon it the trial judge maintained the injunction. This court, however, refused to consider it, assigning as a reason that it had not been alleged, but, in

course of argument, made the observation in question, which was as follows:

"If the evidence shows the forgery charged, there will be an end to the suit; if it does not, it will be time enough for plaintiff in executory process to determine whether he will continue the proceeding and incur the risk of meeting the plea of nullity thereafter to set aside the proceeding on the ground that he could not proceed via executiva."

The court took occasion to add that this observation was made "somewhat by way of illustration." Even without this qualification, however, we do not think that what was thus said by the court merely in course of argument, and manifestly without any intention of making a reservation to plaintiff, could be construed into such a reservation as would open, the door to a second injunction. This court did not, as a matter of fact, find that the said act of mortgage was not authentic. If it had so found, it might perhaps on that ground have refused to dissolve the injunction. But, instead of so doing, it dissolved the injunction, and dismissed plaintiff's suit, with no reservation of any kind in the decree. There can be no doubt that any act not authentic cannot serve as a basis for executory process, and this court would so hold in this case if it could reach that point; but it cannot reach it, as plaintiff is without right to raise it by way of a second injunction. Her learned counsel says that the fact that the said act of mortgage was not authentic did not become known to her until it came out on the trial of the first injunction. This lack of information on the part of plaintiff is not alleged in the petition for injunction, and therefore does not appear in this case, which is being tried on exception of no cause of action, or, in other words, on the face of the petition. But if this court were to take cognizance of the facts of the matter as they developed on the first trial of the first injunction suit, they would be that plaintiff executed this act of mortgage in the parish of St. Tammany be-

fore her own agent as notary, who she knew resided in New Orleans, and was a notary for the parish of Orleans. Therefore what she was ignorant of was not the facts which rendered said act nonauthentic, but the law which renders nonauthentic the official act of a notary executed outside of his jurisdiction, and in her present plea of ignorance she is setting up, for claiming the right to a second injunction, not her ignorance of the facts at the time of her first injunction, but her ignorance of the law. The legal principle which precludes a second injunction would amount to very little if the law of which the litigant was ignorant at the time of the first injunction could serve as an excuse for urging in a second injunction the grounds that should have been urged in the first. We do not mean to intimate that ignorance of the facts would justify a second injunction; for, on the facts, as well as on the law, the litigant must say all he has to say in his first injunction, or forever thereafter hold his peace.

Judgment affirmed.

SOMMERVILLE, J., takes no part.