HOOD, Judge.
Plaintiffs, Edmar Simon, Jr., and his wife, instituted this suit against Darmas Broussard for the annulment of a sheriff’s sale, for an accounting, for damages and for other forms of relief. The trial court rendered judgment sustaining a plea of res judicata filed by the defendant, and dismissing plaintiffs’ suit with prejudice. Plaintiffs have appealed.
The issue presented here is one of law, and that is whether the “thing demanded” in the instant suit is the same as the thing which was demanded in two prior actions filed by one of the plaintiffs. Each of these prior actions resulted in a judgment of the trial court, one of which judgments was rendered on December 18, 1967, and the other on March 1, 1968.
The facts are that in July, 1967, defendant Broussard instituted a suit by execu-tory process against plaintiff, Edmar Simon, Jr., based on a promissory note secured by a real estate mortgage, both of which documents allegedly were signed by Simon. An order of seizure and sale was obtained, and the property was advertised for sale on November 29, 1967.
One day before the date scheduled for the sale, Simon filed a petition demanding that the sale be enjoined, and in connection with that proceeding he obtained a temporary restraining order prohibiting the sale which had been scheduled to be held the following day. A rule was issued directing Broussard to show cause at a later date why a preliminary injunction should not issue. Two supplemental petitions were filed by Simon thereafter, and answers and a re-conventional demand were filed by Brous-sard.
In Simon’s original and supplemental petitions, he alleged, in substance, that the debt sued upon w?s not due or had been paid, and that Broussard had obtained Simon’s signature on the note and mortgage by fraud and misrepresentation. He demanded judgment: (1) Enjoining the sale of his property by the sheriff; (2) decreeing the note and mortgage to be null and void and directing the Clerk of Court to cancel the mortgage from his records; and (3) ordering Broussard to proceed via ordinaria for collection of the alleged debt.
The rule to show cause why a preliminary injunction should not issue was scheduled for trial on December 14, 1967. When the matter came up for hearing, however, defendant Broussard made an oral motion for judgment on the pleadings, and after arguments by counsel the trial judge rendered judgment sustaining that motion and *670 denying plaintiffs’ demand for a preliminary injunction. A formal decree to that effect was signed on December 18, 1967, the pertinent portion of that decree reading as follows:
“IT IS ORDERED that the motion for judgment on the pleadings by defendant be maintained and that the preliminary writ of injunction herein prayed for be denied, costs to be paid by Edmar Simon, Jr., plaintiff in rule.”
Plaintiff Simon applied to this court for a writ of certiorari, but his application was denied for the reason that the above mentioned judgment was interlocutory and that plaintiff had an adequate remedy by appeal in the event an adverse judgment on the merits should be rendered against him. No effort was made by plaintiff to take an appeal from the judgment which was rendered on December 18, 1967.
The property was again advertised for sale, that sale being scheduled to be held on February 28, 1968. On February 15, however, Simon filed another suit to enjoin the sale, and a rule was issued directing Brous-sard and the sheriff to show cause why a preliminary injunction should not issue. Substantially the same grounds were alleged in the second suit as had been alleged in the first one. In the second suit, however, Simon prayed only for injunctive relief. Broussard filed an exception of res judicata, which exception was tried and was maintained by the trial judge on February 26. A judgment was signed on March 1, 1968, which decrees:
“IT IS ORDERED, ADJUDGED AND DECREED that defendant’s rule for preliminary injunction be and same is hereby dismissed with prejudice, all costs to be paid by defendant, Edmar Simon, Jr.”
No effort was made by plaintiff to take an appeal from that judgment or to have it reviewed in any other way.
The sheriff’s sale was held on February 28, 1968, as advertised, and the property was adjudicated to defendant Broussard, who was the highest bidder.
This suit was instituted by Simon and his wife on March 12, 1968. In this action plaintiffs demand judgment: (1) Annulling the note and mortgage; (2) annulling the sheriff’s sale; (3) condemning defendant to pay damages to plaintiffs; and (4) ordering defendant to account for the devaluation of and profits derived from the property. Alternatively, plaintiffs demand that defendant be ordered: (1) To return to them the proceeds of the sheriff’s sale, plus an additional sum sufficient to make up the appraised value of the property; (2) to account for loans made to and payments received from plaintiff; and (3) to pay damages to plaintiffs for loss of future income from the land.
Defendant filed an exception of no right and no cause of action and an exception of res judicata. A hearing was held on the exception of res judicata, and thereafter judgment was rendered by the trial court maintaining that exception and dismissing plaintiffs’ suit, with prejudice. Plaintiffs appeal and that appeal is before us now.
Applicable here is LSA-C.C. art. 2286, which provides:
“Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Our law is settled that in order for a plea of res judicata to be maintained under LSA-C.C. art. 2286, three requirements must be met: (1) The thing demanded must be the same; (2) the cause must be the same; and (3) the parties must be the same. Bank of Terrebonne & Trust Company v. Marcel, 102 So.2d 539 (La.App. 1st Cir. 1958). Since this article of the Civil Code restricts the right of citizens to *671 seek judicial relief, it is construed stricti juris, and an exception of res judicata will not be maintained if there is any doubt as to the correctness of its application. Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1 (1943); Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941); State v. American Sugar Refining Co., 108 La. 603, 32 So. 965 (1902).
The general rule in Louisiana, unlike the common law rule, is that the application of res judicata is restricted to matters which were actually litigated in the previous action, and it does not extend to causes of action which might have been but were not alleged. But there are some exceptions to this rule. One of them is that in a proceeding where a party seeks to enjoin the seizure and sale of property by ex-ecutory process, and an exception of res judicata is urged in a later proceeding between the same parties, then the party who sought the injunction will be held to have raised all of the issues which might have been raised in that proceeding, even though he actually may not have done so. Himel v. Connely, 195 La. 769, 197 So. 424 (1940); Woodcock v. Baldwin, 110 La. 270, 34 So. 440 (1902); Cooper v. Federal Land Bank of New Orleans, 197 So. 822 (La.App. 1st Cir. 1940).
Plaintiffs contend that the “thing demanded” in the instant suit is not the same as the thing demanded in the two prior actions, that the issues presented here were not adjudicated or determined in the earlier proceedings, and that the exception of res judicata thus is without merit.
Defendant contends that the above mentioned exception to the general rule applies here, since the two previous proceedings instituted by Simon were suits to enjoin the seizure and sale of property under ex-ecutory process. It is argued that for the purposes of the exception of res judicata, Simon is bound not only by the issues which actually were raised in the two injunction suits, but also by all causes of action which might have been alleged in those proceedings.
We have concluded that the trial judge erred in maintaining the exception of res judicata in the instant suit for two reasons. One is that the “object of the judgment” or the “thing demanded” in the instant suit is not the same as that which actually was demanded, or might have been demanded, in the two earlier proceedings for injunc-tive relief. And, the second is that the two previous judgments were not final judgments on the merits, that the issues presented in the instant suit were not considered or determined in either of the earlier proceedings, and thus that the prior judgments cannot serve as the basis for a plea of res judicata in the present suit.
As we have already pointed out, the demands in the instant suit are entirely different from those contained in either of the original actions. The principal demand in the first action filed by Simon, and his sole demand in the second, was for judgment enjoining the sale of his property by the sheriff. The only judgment rendered in each of those suits was one relating to an interlocutory demand, that is a demand for a preliminary injunction. The principal demand in the instant suit is to annul the sheriffs sale, and other important demands are for an accounting, for damages and for the return to plaintiffs of the purchase price which was paid for the property. We think this last demand is broad enough to include a prayer also that a part of the purchase price be returned to plaintiffs.
We believe that the “thing demanded” in this suit not only is different from that which was demanded in the earlier litigation, but that most of the present demands could not have been urged in the two previous actions. Plaintiff, for instance, could not have demanded judgment annulling the sheriffs sale before the sale was held. The right which he may have to an accounting ordinarily would not serve as the basis for his demands for injunctive relief. If the law were otherwise, then the debtor could have practically any sale by *672 executory process enjoined by simply demanding an accounting. And, plaintiff could not have demanded that a portion of the proceeds of the sale be returned to him before the sale was held.
The “thing demanded” in the instant suit, therefore, is not the same as that which was demanded, or which might have been demanded, in the earlier actions filed by Simon.
But, even if the relief sought here could have been demanded in the earlier suits, no adjudication of any of these issues was made in those suits.
As we have already noted, the first action instituted by plaintiff was a suit to enjoin the sheriff’s sale, to annul the note and mortgage, and to order Broussard to proceed via ordinaria. A rule was issued in that proceeding directing defendant to show cause why a preliminary injunction should not be issued, and the matter was scheduled for trial solely on that rule. When the rule came up for trial defendant Broussard orally moved for judgment on the pleadings, and the trial judge granted that motion. The motion for judgment made by Brous-sard was solely for judgment on the rule which was scheduled for trial that day. And, the judgment which was rendered on December 18, 1967, in response to that motion, was an interlocutory judgment denying plaintiff’s demand for a preliminary injunction. It was not a final judgment. The case has never been tried on its merits, and none of the issues which were raised in that case, or which might have been raised, have ever been determined on the merits.
Reasons for that judgment were assigned by the trial judge, and in those reasons he stated:
“Accordingly, this court feels that, taken together, there has not been a sufficient allegation of fraud to maintain a temporary restraining order much less a temporary injunction in order to delay the executory processes originally ordered by this court. This court thinks that the statutes and the cases were replete with cases whereby, as in this similar situation, the party is referred to the proceeds of the sale if the amount claimed is not in accordance with what they think they owe. Apparently, all they are asking for here in these proceedings for an injunction is an accounting between Mr. Broussard and Mr. Simon as to what was owed, if anything.”
It is apparent from the reasons assigned that the trial judge considered only the question of whether plaintiff had alleged a cause of action for the granting of a preliminary injunction. He concluded that the allegations of fraud contained in plaintiffs’ petition were not sufficient to entitle them to that type of temporary relief.
The trial judge obviously considered the first action instituted by plaintiff as a demand for an accounting, because he stated that “all they are asking for here in these proceedings for an injunction is an accounting between Mr. Broussard and Mr. Simon as to what was owed, if anything.” He concluded that a showing that the debtor is entitled to an accounting was not sufficient to entitle him to a preliminary injunction, but he did not hold that plaintiff had no right to such an accounting. On the contrary, he indicated that that issue might be determined after the sale. He stated in his reasons for judgment, for instance, that “the party is referred to the proceeds of the sale if the amount claimed is not in accordance with what they think they owe.”
One of the demands made by plaintiffs in the present suit is for an accounting, and another is for a return to plaintiffs of some of the proceeds of the sale. The two earlier judgments rendered by the trial court did not reject his demands for this type of relief, and thus they cannot serve as a basis for the plea of res judicata, at least as to those demands.
We agree with defendant that a judgment on the pleadings is a final judgment, and that it has the same effect as if *673 a trial had been had upon the evidence regularly adduced. See LSA-C.C.P. art. 968. But that rule does not assist the defendant here. Both of the earlier judgments determined only that plaintiff had failed to allege sufficient acts of fraud to entitle him to a preliminary injunction. Neither decree pretended to determine plaintiffs right to have the sale annulled, his right to demand an accounting, or his right to have a part of the proceeds of the sale returned to him.
When a judgment rendered on the pleadings is based solely on the fact that plaintiff failed to allege a cause of action for the relief demanded, then we think such a judgment has the same effect as it would have had if an exception of no cause of action had been sustained. Such a judgment cannot serve as the basis for a plea of res judicata in a later action between the same parties, where new facts are alleged or new and different demands are made. See LSA-C.C.P. art. 5051; F. Miller & Sons, Inc. v. Travelers Indemnity Company, 161 So.2d 349 (La.App. 3d Cir. 1964); Road Equipment Company v. Prestenback, 143 So.2d 135 (La.App. 1st Cir. 1962); Ducros v. St. Bernard Cypress Company, 164 La. 787, 114 So. 654 (1927); Duke v. Gregory-Salisbury & Company, 205 So.2d 858 (La.App. 4th Cir. 1967); Consolidated Loans, Inc. v. Smith, 190 So.2d 522 (La.App. 1st Cir. 1966); Slaughter v. Gravity Drainage District No. 4, 160 So.2d 762 (La.App. 3d Cir. 1964).
LSA-C.C.P. art. 5051 provides that the articles of the Louisiana Code of Civil Procedure are to be construed liberally, so that rules of procedure implement the substantive law. And, in F. Miller & Sons, Inc. v. Travelers Indemnity Company, supra, we said:
“A judgment dismissing a suit merely because of an insufficiency of allegations is not res judicata — it is in effect a dismissal as of non-suit, which does not bar another action in which the petition supplies the essential allegations.”
Defendant points out correctly that in the instant suit substantially the same facts are alleged as were alleged in the previous actions. But some new allegations of fact also were included in the petition filed in the present suit, particularly with reference to the damages claimed, and we have already pointed out that the demands are entirely different. For these additional reasons we do not feel that the judgments rendered on December 18, 1967, and March 1, 1968, can serve as the basis for a plea of res judicata here.
We are aware of the fact that the issues presented here are similar to those which were considered by our brothers of the First Circuit Court of Appeal in Bank of Terrebonne & Trust Company v. Marcel, supra. There a judgment of the trial court maintaining a plea of res judicata was affirmed. In that case, however, identically the same issue which was presented in the second suit had been fully tried and determined in the first proceeding. We have already shown that the issues presented in the instant suit were not tried or determined in either of the two prior actions.
The later case of Road Equipment Company v. Prestenback, supra, decided by the same reviewing court, also involved issues which are similar to those presented here. In that case, however, the First Circuit Court of Appeal refused to sustain a plea of res judicata for the reason that the earlier decree was not a final “determination on the merits of the claim between the parties.” The court, in distinguishing that holding from the one in Marcel, observed that in the Marcel case “the judgment which was held to be res judicata was a final determination on the merits of the claims between the two parties.” We think the reasons assigned in the Prestenback case are applicable to the suit which is before us now.
Our conclusion is that the trial judge erred in maintaining the exception of res judicata filed in the instant suit.
For the reasons herein assigned, the judgment appealed from is reversed, and *674 the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-ap-pellee.
Reversed and remanded.