SARTAIN, Judge.
This is a second suit involving the primary litigants herein, namely, Slidell Building Supply, Inc. (Slidell) and I. D. S. Mortgage Corporation (I. D. S.). In the first suit I. D. S., representing itself to be the holder in due course of a certain mortgage note, proceeded by executory process and effected the seizure and sale of certain property mortgaged by Slidell. In that first action, Slidell unsuccessfully endeavored to enjoin the seizure and sale of the subject property. Based on the record then compiled, the trial court declined to grant Slidell a suspensive appeal and we as well as the Supreme Court refused writs.
This present action is one seeking the nullity of the previous order of seizure and sale on the grounds of alleged fraud and ill practice on the part of I. D. S. In connection with its main demand, Slidell also seeks an accounting from I. D. S. as well as damages for the alleged wrongful seizure and sale. Other parties who were associated with I. D. S. in the construction and development of the mortgaged property including disbursements of the funds obtained under the mortgage were made defendants.
In the instant matter I. D. S. filed a plea of res judicata contending that the decision in the first suit rejecting plaintiff’s injunction barred a subsequent action for nullity. The trial judge sustained a plea of res judicata and dismissed Slidell’s suit. Inasmuch as none of the defendants had principal offices or were domiciled in St. Tammany Parish, exceptions of venue were likewise sustained as to Slidell’s remaining demands for an accounting and damages. For reasons hereinafter stated we are of the opinion that the decision of the trial judge in sustaining I. D. S.’s plea of res judicata was in error and should be reversed.
We wish to emphatically state at this juncture that our decision herein does not infer nor should it create any implication that we consider the actions complained of as constituting fraud or ill practice by I. D. S. Such a determination can only be made by the trial judge after plaintiff has had an opportunity to present the evidence it contends constitutes fraud and ill practice.
The original mortgage note sued upon was dated July 15, 1967 and was executed by Slidell in the amount of $1,447,100.00, payable on demand to the order of “BEARER”, identified with an Act of Collateral Mortgage of the same date, and covered properties of Slidell located in St. Tammany Parish.
The judgment sought to be annulled is the one denying the injunction and is dated December 13, 1968. The sale which is sought to be set aside occurred on January 22, 1969 when I. D. S., as the seizing creditor, purchased the property. This cause was filed on April 11, 1969.
The trial judge in his oral reasons for judgment declared that it was unnecessary for him to consider whether or not the issues presented in this instant action “might vary from the issues in the foregoing injunction suit”. It was the trial judge’s opinion that in a previous suit for executory process where an injunction proceeding is brought to arrest the seizure and sale of the property and such injunction is denied after a hearing on the merits “then any subsequent proceeding attacking the validity of executory process is res judicata”. To be specific the judge a quo stated:
“It is the Court’s understanding of the jurisprudence of this state that contrary to the ordinary rule relating to res judica-ta in the limited situation of a foreclosure by executory process, all issues that can be raised in the original injunction proceeding, and such different issues cannot be raised in a subsequent proceeding.”
Thus the issue squarely presented here for resolution is whether or not a subsequent action for nullity based on alleged *925 fraud or ill practice (C.C.P. 2004) can be urged by a mortgagor where that mortgagor was previously unsuccessful in enjoining the seizure and sale but on issues not presented to or considered by the trial judge.
I. D. S. seeks affirmation of the position taken by the trial judge and cites as authority the well established rule that our jurisprudence does not permit the filing of successive injunction suits to arrest the seizure and sale of property sought to be foreclosed upon by executory process. In McMicken v. Morgan, 9 La.Ann. 208 (1854) our Supreme Court stated that the party seeking such an injunction must come forward with each and every defense available to it or be forever barred from seeking further injunctive relief. Trescott v. Lewis, 12 La.Ann. 197 (1857); Fluker v. Davis, 12 La.Ann. 613 (1857); Porter v. Morere, 30 La.Ann. 230 (1878); Brooks v. Magee, 126 La. 388, 52 So. 551 (1910); and Schwartz v. Siekmann, 136 La. 177, 66 So. 770 (1914).
I. D. S. specifically urges that the rationale of Schwartz “is that executory process foreclosures must be shielded from subsequent attacks if the executory process foreclosure is to exist as a practical and speedy remedy it was intended to be, and this rationale is equally applicable to subsequent nullity actions because subsequent nullity actions likewise unduly impede executory process foreclosures, just as second injunctions do”.
Slidell, on the other hand, contends that an action for nullity of a judgment is a separate and distinct cause of action from that of an injunction suit and therefore one of the essential elements for res judicata is absent. C.C. Art. 2286. Slidell further contends that the authorities relied upon by I. D. S. as cited above deal only with successive injunction endeavors and are not apposite to or controlling of the instant controversy. Lastly, Slidell argues that the facts which constitute the alleged fraud and ill practice were not known to the plaintiff herein and therefore could not have been urged at the previous injunction hearing.
We agree that the first two contentions of Slidell, as a matter of law, are correct. We are not in a position at this time to determine whether or not the facts now relied upon to constitute fraud or ill practice were known to Slidell at the time of the first suit; however, the record before us clearly reflects that those facts were not presented to the trial judge at that hearing.
Article 2286 of the Civil Code requires that for res judicata to apply three requirements must be met, namely: (1) the thing demanded must be the same; (2) the cause must be the same; and (3) the parties must be the same. Bank of Terrebonne & Trust Co. v. Marcel, 102 So.2d 539 (1st La.App., 1958). Our law is equally well settled that the common law doctrine that res judicata includes not only everything pleaded in a cause but even that which might have been pleaded is not followed in Louisiana. There are three recognized exceptions, viz, pertaining to petitory actions, suits for a partition or division of real estate, and suits for an injunction against the execution of a judgment or of a writ of seizure and sale in executory process. Himel v. Connely, 195 La. 769, 197 So. 424 (1940). However, this last exception pertaining to executory proceedings is limited to further attempts to invoke injunctive relief. Simon v. Broussard, 216 So.2d 668 (3d La.App., 1968).
In Simon v. Broussard, supra, the issue for resolution was very similar to the one presented here. In Simon our brethren of the Third Circuit had to our knowledge the first opportunity to determine whether or not an injunction suit, involving questions of fact, barred a subsequent suit for nullity. The opinion correctly reviewed the previous jurisprudence on the subject and concluded that the thing demanded in an action for nullity is not the same as that which was demanded in a previous suit to enjoin an executory proceeding.
*926 Articles 2001 through 2006 of the Code of Civil Procedure provide for the nullity of a final judgment for vices of either form or substance and prescribe its requirements and limitations. It is noted that such an action, if timely, may be brought even though the judgment sought to be annulled may have been affirmed on appeal or even rendered by an appellate court.
In Quarles v. Lewis, 226 La. 76, 75 So.2d 15 (1954) our Supreme Court was considering a suit for damages for defendant’s failure to comply with a contract for the purchase of real estate. Plaintiff in a prior suit was successful in obtaining a judgment for specific performance for the purchase of real estate. In the suit for damages the trial judge sustained defendant’s plea of res judicata which was affirmed by us. The Supreme Court reversed and concluded that it was not necessary for the plaintiff in his previous suit for specific performance to also seek damages.
In a recent case, White v. White, 233 So.2d 289 (La.App., 1970) we reviewed in detail the holding in Quarles v. Lewis, supra, and the authorities therein cited and held that the plaintiffs who h,ad previously and unsuccessfully attempted to obtain damages for trespass by a third party were not barred from bringing a petitory action for the purpose of determining their interest in the property notwithstanding the fact that in the trespass suit they had failed to invalidate a tax sale. See also Alexander v. Alexander, 196 So.2d 628 (1st La.App., 1967) where we held that plaintiffs were entitled to proceed in their suit for nullity of a judgment which they contended was based on fraudulent affidavits.
With respect to the issue of fraud, Sli-dell has alleged that I. D. S. knowingly and fraudulently presented to the district court for executory process a collateral mortgage note devoid of certain endorsements, allonges, and more particularly, some 150 to 160 hand notes purportedly identified with the original mortgage note. Slidell strenuously urges that the district judge erred when he refused to permit the introduction of any evidence designed to show the alleged fraud or ill practice. This undoubtedly was the result of the district judge’s conclusion that Slidell was required to present all of its evidence, including that relating to fraud and ill practice, at the time of the injunction suit. This is evident by the fact that in his oral reasons for judgment the district judge stated that for the purpose of the exception of res ju-dicata he would consider the allegations of fact relating to fraud contained in Slidell’s petition as true.
The only evidence in this record pertaining to Slidell’s allegations of fraud was a proffer of such offered by its counsel when the objections of the defendants were sustained.
While defendants earnestly argue that the rule in Schwartz should apply equally here they also contend that in the injunction suit Slidell also alleged fraud but voluntarily withdrew this allegation. The allegation of fraud contained in the injunction suit reads as follows:

“7.

Petitioner further alleges that subsequent to the term of the signing of the mortgage by himself, that certain additions were made to the mortgage to include property which was not agreed to be mortgaged by your petitioner being specifically on page two of the collateral mortgage in the second description. And further that without petitioner’s consent, I. D. S. Mortgage Corporation or its agent did fraudulently take a portion of those funds from the initial disbursement and paid it to persons without the consent of your petitioner. Throughout disbursement by I. D. S. Mortgage Corporation or its agents, funds have been paid to persons without the consent of Slidell Building Supply, Inc. and charged to your petitioner’s account. Petitioner alleges this constitutes fraud.”
*927 It is clear that this paragraph while averring fraud is not such fraud as envisioned by C.C.P. Article 2001 et seq., which would constitute grounds for a nullity action. Actually the allegations in the above paragraph relate more to Slidell’s demands for an accounting and breach of contract than it does to fraud or ill practice. The withdrawal of this allegation by consent does not preclude Slidell at this time from proceeding with the specific allegations of fraud and ill practice as contained in the present petition.
In the first suit the trial judge held that the three principal grounds for seeking an injunction, namely, (1) that the mortgage sued upon was not an authentic act, (2) that there was a discrepancy between the Act of Mortgage and the note with respect to attorney’s fees, and (3) the corporate resolution was insufficient to authorize the execution of the mortgage were not such grounds as would warrant the granting of an injunction. In the absence of any fraud or ill practice, which burden rests squarely with Slidell, the adjudication on these three issues in the injunction suit are beyond further attack.
Inasmuch as no evidence was admitted as to plaintiff’s contentions of fraud and ill practice and consequently no ruling was made upholding or denying such charges, this matter must be remanded for these purposes. In the event it is determined that the seizure and sale were obtained through such practices, then I. D. S. will be required to proceed by ordinary process for the collection of any sums due it under the mortgage and plaintiff will then be entitled to be heard on its claims for an accounting and damages.
Should the trial judge, after first hearing evidence as to the allegations of fraud and ill practice, hold that Slidell has failed to prove the same, then the previous seizure and sale shall survive and the exceptions as to venue are well taken and Slidell must sue defendants for an accounting and damages in the court of defendants’ domicile.
Accordingly, for the above and foregoing reasons the judgment of the district court sustaining the plea of res judicata is set aside and reversed and this matter is remanded to the trial court for proceedings consistent with the views herein expressed. The cost of this appeal is to be borne by I. D. S. Mortgage Corporation. All other costs are to await a final determination on the merits.
Reversed and remanded.