CRAIN, Judge.
The case before us involves a suit by the plaintiff-appellant, International Development, Inc. against the defendant-appellees, Utah Louisiana Investment Company, Henry Boh, Robert Henry Boh, and C. Ellis Henican to annul a suit by executory process. The trial court decided against the plaintiff-appellant dismissing its suit and from that ruling this appeal has originated.
The case history of the matter at bar is quite complex and is important in understanding the issues presented to us. Upon reviewing the record we find that the history is fairly presented by appellees in their answer to the petition filed in this particular proceeding which we quote with approval:
“(a) On March 24, 1970, International Development, Inc. filed a petition and application for injunction, not only for the purpose of setting aside the judicial sale that was then scheduled for March 25, 1970, at 10:00 A.M., but to have the Writ of Seizure and Sale that issued herein, recalled, cancelled and set aside as being improvidently issued and to have said suit dismissed, all as will appear from the said petition that forms a part of said Executory Proceedings No. 36,417; a copy of which is attached hereto and made part hereof, by reference, as fully as though copied herein in extenso.
(b) The Application of International Development, Inc. for said injunctive relief filed March 24, 1970, came before this Court on May 8, 1970. Whereupon, International Development, Inc. dismissed its suit and the Court dismissed the preliminary injunction that had theretofore been issued.
(c) Again, on July 15, 1970, International Development, Inc. filed in said Executory Proceedings No. 36,417, another petition and application for injunction, wherein, among other things, it specifically charged ‘that proper service had not been made on defendant’ (Paragraph 4), and, on the basis of said representations, the judicial sale then scheduled for the same date was upset by the issuance of a Temporary Restraining Order by this Court.
(d) When the aforementioned Temporary Restraining Order expired, the property was readvertised for a judicial sale for September 23, .1970, at 10:00 A. M. Whereupon (this Court, having refused to grant International Development, Inc. further injunctive relief) In *266 ternational Development, Inc. applied for Writs to the Louisiana First Circuit Court of Appeal and, although the judicial sale scheduled for September 23, 1970, was stopped by one of the Judges of the Louisiana First Circuit Court of Appeal, through a verbal Order, subsequently confirmed by written Order dated September 22, 1970, at 8:20 P.M., the application of International Development, Inc. for Writs was rejected on October 15, 1970, in the matter filed under the Docket No. 8329 of the said Louisiana First Circuit Court of Appeal.
(e) International Development, Inc. entered a preliminary default on December 14, 1970, based upon its petition and application for injunction filed July 15, 1970, as aforestated, and confirmed the said default which, among other things, restrained and enjoined the Sheriff of this Parish from completing the judicial sale under said Executory Proceedings that was then scheduled for December 23, 1970, at 10:00 A.M.
(f) Respondents applied for a new trial from the said Judgment of December 18th, 1970, and their application was granted on January 25, 1971 by this Court.
(g) This Court then set for trial on its merits, the petition and application for injunction filed by International Development, Inc. on July 15, 1970; and the said trial was held on May 12, 1971, at which time International Development, Inc., was afforded a full opportunity to offer evidence in support of the allegations of its said petition and application for injunction filed July 15, 1970, and the Court heard and considered all of the evidence, oral and documentary, offered by both parties, respectively, and on September 7, 1971, the Court rendered a Judgment that was signed September 27, 1971, denying the petition and application for injunction filed by International Development, Inc. on July 15, 1970 and declaring the previously rendered Judgment of December 18, 1970, null and void, recalling and setting aside the same, all as will also appear from the record in said Executory Proceedings No. 36,417.
(h) On September 29, 1971, International Development, Inc. applied for a rehearing and/or new trial, the same having been denied September 29, 1971.
(i) International Development, Inc. then took an appeal to the Louisiana First Circuit Court of Appeal, furnished an Appeal Bond, and the appeal was eventually lodged in the Louisiana First Circuit Court of Appeal.
(j) The decision on appeal was rendered by the Louisiana First Circuit Court of Appeal, the same being now reported in 262 So.2d 553, the Louisiana Supreme Court having rejected Writs on July 11, 1972, the same appearing in [262 La. 601] 263 So.2d 905, and thereby International Development, Inc. was denied injunctive relief from the said Executory Proceedings and the prior issued Stay Order was recalled and cancelled.
(k) When the property was readver-tised to be sold at judicial sale on September 13, 1972, International Development, Inc. (1) filed in this Court in the matter entitled ‘International Development, Inc. versus Utah-Louisiana Investment Company, Henry Boh, Robert Henry Boh, and C. Ellis Henican’, under the Docket No. 41075-B, on September 12, 1972, a petition and application for temporary restraining order and injunction, in which, among other things, it was alleged that the second mortgage under which International Development, Inc. was foreclosing in Suit No. 36,417 of this Court, was ‘fraudulent and illegal’ and was ‘was not supported by the authenticated acts necessary for the filing of an executory process on said second mortgage notes’ (Paragraph 10 of said petition), and that whereas the said mortgage was ‘from International Development, Inc. to Murray F. Cleveland’, *267 the said Murray F. Cleveland did not appear as plaintiff, nor was there any ‘authentic act necessary to complete the proof of plaintiffs to use executory process as required in C.P. Article 2635’, and that ‘the holders of the said notes merely state that they are holders in due course and present no authentic act showing why they came into possession of said notes’ (Paragraph 11 of said petition), and (2) sought not only to have the said judicial sale stopped and set aside, but further sought to have the said second mortgage ‘declared null and void and of no effect whatsoever’ and to be declared the owner, free and clear of an encumbrances of at least a portion of the property against which said executory proceedings had been filed.
(i) On September 12, 1972, at or about 12:35 P.M., this Court refused to sign the Order that International Development, Inc. suggested in connection with its petition in Suit No. 41075-B.
(m) Whereupon, International Development, Inc. applied to the Supreme Court of Louisiana for Writs of Certio-rari, Prohibition or Mandamus, but on September 13, 1972, said application was denied, as will appear from the attached copy of the ruling of the Supreme Court under its Docket Number 52,822, which is made part hereof for consideration as fully as though copied herein in exten-so.”
Thereafter the property was sold and appellant instituted this suit to have the sale set aside, the order granting the writ of seizure and sale vacated, and in addition, claiming damages for the wrongful seizure and sale of the property. The matter was then submitted to the trial court for decision on a motion for summary judgment. The trial court decided the matter in favor of appellees and dismissed appellant’s demands without written reasons for judgment.
The appellant specifies error in two respects. First, it contends that the trial court committed error in failing to find that the absence of evidence of the assignment or transfer of the rights under the mortgages by the original holders thereof to the seizing creditors was fatal to the issuance of the writ of seizure and sale. Secondly, appellant contends that error was committed in that the executory process proceedings were in contravention of the due process clause of the fourteenth amendment to the United States Constitution under the Fuentes v. Shevin decision, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and the Louisiana Supreme Court decision of Buckner v. Carmack et al., 272 So.2d 326 (1973).
In addressing ourselves to appellant’s first contention, we note that the factual basis for the claim is that the mortgage in question is made in favor of a named individual, Murray Cleveland, and that there appears in the record no assignment of the mortgage to the seizing creditors. Appel-lees contend that these matters are res ju-dicata because of the adverse rulings received by the appellants in the injunction proceedings both in the trial and appellate courts.
In Slidell Building Supply, Inc. v. I.D.S. Mortgage Corporation, 237 So.2d 923 (La.App. 1st Cir. 1970), we were confronted with the identical issue presented here. In that case the appellant had unsuccessfully attempted to enjoin the seizure and sale of the property. Later it filed an action to set aside the order of seizure and sale on grounds of alleged fraud and ill practice. The court held that the action for nullity for fraud and ill practices was a separate and distinct action from the injunction proceeding and that therefore new issues were raised by the appellants which were not decided in the injunction proceeding. For this reason the new issues presented on the action for nullity were not barred by the exception of res judicata. The court did, however, hold that in order for the plaintiff to succeed in an action for nullity, he must sustain his burden of proof *268 to show fraud or ill practices on the part of the defendant.
After trial in the lower court on the question of fraud and ill practices, the case was again appealed to this court. Slidell Building Supply, Inc. v. I.D.S. Mortgage Corporation, 273 So.2d 343 (La.App. 1st Cir. 1972). With regard to fraud and ill practices under Civil Code Article 2004, the court held as follows:
“ . . . Clearly, from the text o'f Article 2004, it is evident that there is a distinction between fraud, on the one hand, and ill practices, on the other. The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through an improper practice or procedure. which operates, even innocently, to deprive the party cast in judgment of a legal right and which would render the enforcement of the judgment unconscionable and inequitable. . . . ”
Pretermitting the question of whether or not there was sufficient evidence to support the issuance of the writ of seizure and sale, we find that appellant did not prove any fraud or ill practice in the case at bar. There must be a finality at some point to court proceedings. To consider the same questions concerning validity of executory process that were raised, or could have been raised in an injunction proceeding a suspensive appeal from the order of seizure and sale, or as a defense to a proceeding for a deficiency judgment, in a suit to annul a judgment on the grounds of fraud and ill practices without first determining fraud or ill practice, would result in interminably trying the same issues. We hold that the failure to prove fraud and ill practices defeats appellant’s claim herein regardless of whether there might be a defect that could have been raised or decided in one of the previous proceedings.
Appellant next contends that the failure to notify it and afford an opportunity for a hearing before the actual seizure of the property violated its due process rights under the fourteenth amendment to the United States Constitution in the Fuentes v. Shevin decision, supra. In the Louisiana Supreme Court decision of Buckner v. Carmack et al., supra, it was held that our executory process proceedings including the provision allowing immediate seizure of the mortgaged property if the demand for payment is waived by the debtor are not violative of due process. Appellant’s contention that the executory process proceeding is unconstitutional is therefore without merit.
For the above reasons aforesaid, the decision of the trial court is affirmed, all cost to be paid by appellant.
Affirmed.