CUTRER, Judge.
This case was consolidated for trial with the suit of Oscar Sylvester, Jr. v. St. Landry Police Jury, et al., Number 8459 on the docket of this court. These suits remained consolidated on appeal and, since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment for such consolidated case of Oscar Sylvester, Jr. v. St. Landry Police Jury, et al., 414 So.2d 796 (La.App. 3rd Cir. 1982).
FACTS
Due to a multiplicity of pleadings arising from these suits and the appeals by the parties, we feel that a chronological explication of the major procedural activities will be beneficial in clarifying the issue presented in these appeals.
Oscar Sylvester, Jr., owns a tract of land in the northwest corner of St. Landry Parish. The only access to his property is by gravel road commonly referred to as “Oscar Sylvester Road” but designated on the highway map of St. Landry Parish as “Parish Road 5-245.” This road traversed property owned by Milbert St. Amand (the pleadings erroneously refer to him as Mil-burn St. Amand).
On July 6, 1977, the Police Jury, by resolution, declared Road 5-245 a public road and also expressed the intention of maintaining it. On July 28,1978, Sylvester filed a suit for a declaratory judgment seeking to have Road 5-245 declared a public road pursuant to LSA-R.S. 48:491, or, alternatively to have a servitude of passage by ten •years acquisitive prescription recognized in his favor. Defendants in that suit were St. Amand and the Police Jury. After the suit was filed, the Police Jury, on September 6, 1978, by resolution declared Road 5-245 to be a private road.
On June 1, 1979, Sylvester filed a “Petition for a Writ of Injunction” seeking a temporary restraining order and preliminary injunction to prevent St. Amand from constructing a gate or fence across the road which would prevent Sylvester’s access to his property. The petition for injunction alleged that St. Amand had begun the construction of a gate across the road and that an injunction was necessary to prevent such action since the previously filed petition for a declaratory judgment was pending. Such litigation was filed for the purpose of determining whether the road was public or private. A temporary restraining order was issued and a hearing date set; however, the parties entered into a “Consent and Stipulated Judgment.” The substance of the judgment was that St. Amand granted Sylvester the use of the road for passage to and from his farm for an annual consideration of $2,500.00. This judgment was signed June 25, 1979.
*795 On July 6, 1979, Sylvester filed this second “Suit for Declaratory Judgment and for Damages,” alleging the public nature of Road 5-245. The petition also alleged that the Police Jury had, by resolution, abandoned Road 5-245 on April 3, 1979. The petition attacks the validity of that resolution.
An exception of no cause of action was filed by the Police Jury in the consolidated declaratory judgment cases. An exception of res judicata was filed in the cases by St. Amand. The trial court overruled the Police Jury’s exception of no cause of action and granted St. Amand’s exception of res judicata. The suits were dismissed as to St. Amand.
The Police Jury appealed the trial court’s overruling of the exception of no cause of action in both cases. A motion to dismiss that appeal by the Police Jury has previously been granted by this court which ruled that the trial court’s overruling of the exception of no cause was a non-appealable interlocutory judgment. Sylvester v. St. Landry Parish Police Jury, 401 So.2d 689 (La.App. 3rd Cir. 1981).
In a footnote, this court stated:

“The plaintiff, Oscar Sylvester, Jr., appealed the judgment of the trial court sustaining defendant’s peremptory exception of res judicata. That appeal is not affected by the dismissal of the appeal taken by the St. Landry Parish Police Jury.”

ISSUE
We must now make a determination as to whether the trial court erred in granting St. Amand’s exception of res judicata.
Defendant, St. Amand, bases his exception of res judicata upon the “Consent and Stipulated Judgment” between himself and Sylvester arising out of the suit for injunction. St. Amand argues that this “judgment” fully and finally resolves the issues set forth in the declaratory judgment suits as well as the suit for a temporary restraining order and a preliminary injunction. We disagree.
RES JUDICATA
The essential elements of res judicata were discussed by the Supreme Court in the case of Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978):
“As a result of civilian heritage, res judicata under Louisiana Law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 52 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of ‘cause’ and (3) an identity of the thing demanded. C.C. 2285-2287,[1] 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.”
As we examine the “Consent and Stipulated Judgment” rendered in the suit for injunction, it becomes readily apparent that the trial court erred in sustaining the exception of res judicata. There is an absence of identities in the “thing demanded” in the suit for injunctive relief and both declaratory judgment suits. In the suit for injunc-tive relief, Sylvester merely wanted to insure his use of Road 5-245 pending the outcome of the declaratory judgment suit. The effect of the stipulated judgment was to dispose of the suit for such injunctive relief but such judgment did not dispose of Sylvester’s demand for a declaratory judgment to have the road declared a public road. The “object of the judgment” or the *796 “thing demanded” in the injunctive suit is not the same as the “thing demanded” in the declaratory judgment suits. The absence of the identity of the “thing demanded” in these suits is fatal to the plea of res judicata. See Simon v. Broussard, 216 So.2d 668 (La.App. 3rd Cir. 1969). The trial court’s judgment sustaining the exception of res judicata filed by St. Amand will be reversed and set aside.
For the reasons assigned, the judgment of the trial court is hereby reversed and set aside. The case is remanded for further proceedings according to law and the views expressed herein. The costs of this appeal shall be paid by St. Amand. The costs of the trial court shall await the outcome of the trial on the merits.
REVERSED AND REMANDED.

1. LSA -C.C: art. 2286 provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”